**KENTUCKY BAR ASSOCIATION,**
Movant,

v.

**Kevin Lee NESBITT, Respondent.**

**No. 2006–SC–0057–KB.**

Supreme Court of Kentucky.

April 20, 2006.

Bruce K. Davis, Executive Director, Linda Gosnell, Chief Bar Counsel, Dana Cox Nickles, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, Counsel for Movant.

Kevin Lee Nesbitt, Danville, for Respondent.

## OPINION AND ORDER

The Board of Governors of the Kentucky Bar Association has recommended

that the Court find Respondent, Kevin Lee Nesbitt—who was admitted to the practice of law in Kentucky on November 1, 1983, whose Bar Roster Address is P.O. Box 287, Danville, Kentucky 40423, and whose KBA Member Number is 51384—guilty of violating SCR 3.130–1.3 (failure to be reasonably diligent), SCR 3.130–1.1 (failure to provide competent representation), SCR 3.130–3.4(c) (disobeying the rules of a tribunal), SCR 3.130–1.4(a) (failure to keep the client reasonably informed), SCR 3.130–1.4(b) (failure to explain a matter to the client), and SCR 3.130–1.16(d) (failure to surrender papers and property to the client). The Board has recommended that Nesbitt receive a public reprimand for the violations; that he undergo remedial education regarding domestic relations law, legal writing, and appellate practice; and that the costs of this action be assessed against him.

The five counts in the Complaint against Nesbitt arose out of his representation of Lynn Trayner in a divorce proceeding in Boyle County. Nesbitt represented Trayner for approximately four years in the Boyle Circuit Court. Once the matter was concluded, Trayner filed an appeal with the Kentucky Court of Appeals. During the course of the appeal, Nesbitt failed to file a brief with the court and further failed to notify Trayner that the brief had not been filed. The Court of Appeals decided the case on the merits, reversing as to one issue—maintenance.

On remand to the trial court, Nesbitt and opposing counsel appeared to obtain a hearing date. Nesbitt subsequently failed to inform Trayner that the case had been reversed, or that a hearing had been scheduled until immediately prior to the hearing. Nesbitt did not prepare Trayner for the hearing. At the conclusion of the hearing, the trial court ordered that Trayner pay back maintenance and future maintenance until age 65, at which time the matter would be reviewed.

Following this adverse decision, Trayner sought the services of another attorney. Trayner's new attorney prepared an Agreed Order Substituting Counsel, which Nesbitt signed, but when substitute counsel asked for Trayner's client file from Nesbitt, Nesbitt failed to send it. We note that Trayner never personally informed Nesbitt of the change in representation, and never personally requested his file, choosing instead to communicate with Nesbitt via his new attorney.

The Complaint giving rise to this matter was then filed with the KBA. The KBA filed a Charge, File No. 11399, against Nesbitt alleging five counts of violations of the Rules of Professional Conduct. Specifically, Nesbitt was charged with violating SCR 3.130–1.3 (failure to be reasonably diligent), SCR 3.130–1.1 (failure to provide competent representation), SCR 3.130–3.4(c) (disobeying the rules of a tribunal), SCR 3.130–1.4(a) (failure to keep the client reasonably informed), SCR 3.130–1.4(b) (failure to explain a matter to the client), and SCR 3.130–1.16(d) (failure to surrender papers and property to the client). Nesbitt was served with a copy of the Charge by certified mail, return receipt requested, thus he was properly before the Board.

An evidentiary hearing on the issue of discipline was held before a duly appointed Trial Commissioner on May 23, 2005. The KBA presented two witnesses and documentary evidence in support of the Charge. Nesbitt appeared pro se at the hearing. He testified on his own behalf, but offered no other evidence. The Trial Commissioner filed a Report pursuant to SCR 3.360 on July 29, 2005. In the Report, the Trial Commissioner found that Nesbitt had violated SCR 3.130–1.3, SCR 3.130–1.1, SCR 3.130–3.4(c), SCR 3.130–

1.4(a), SCR 3.130–1.4(b), and SCR 3.130–1.16(d), and recommended that he be publicly reprimanded.

The matter was then referred to the Board of Governors. The Board found Nesbitt guilty of all five counts. The vote as to the first four counts was unanimous, but the vote as to the fifth count—the violation of SCR 3.130–1.15(d) for failure to surrender the client's papers—was 14 guilty and 7 not guilty.

In deciding the level of sanction to impose, the Board considered the following similar prior cases: *Eblen v. Kentucky Bar Association,* 999 S.W.2d 715 (Ky.1999) (imposing a public reprimand for failing to timely inform clients that their claims were dismissed and failing to inform them of the decision not to pursue an appeal); *Moloney v. Kentucky Bar Association,* 152 S.W.3d 866 (Ky.2005) (imposing a public reprimand for attorney's failure to prosecute appeal, which resulted in dismissal, and misrepresentation to client that the appeal was still ongoing); *Kentucky Bar Association v. Edwards,* 123 S.W.3d 912 (Ky.2004) (imposing a public reprimand and remedial ethics education for failure to act with reasonable diligence in a personal injury case, failure to keep client reasonably informed, and failure to turn over client's file). The Board also considered the American Bar Association's Standards for Imposing Lawyer Sanctions.

The Board then voted on the appropriate discipline. Four members of the Board voted for a thirty day suspension and remedial education. Two voted for a public reprimand. A majority of the Board—fifteen members—voted to recommend that Nesbitt be publicly reprimanded, be ordered to obtain within one year 12.5 live remedial education hours on domestic relations issues, including maintenance, and 12.5 remedial education hours concerning appellate practice and/or legal writing, with said education to be approved in advance by the Office of Bar Counsel and said education not to be credited as part of any continuing legal education requirements.

The Board then filed a recommendation that Nesbitt be found guilty of the counts in Kentucky Bar Association File No. 11399 and recommending that Nesbitt be disciplined in accordance with its votes. Nesbitt failed to timely file a notice for this Court to review the Board's decision, and we do not elect to review the decision of the Board of Governors pursuant to SCR 3.370(8). Wherefore, the decision of the Board of Governors is hereby adopted pursuant to SCR 3.370(10).

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

(1) Nesbitt is publicly reprimanded;

(2) Nesbitt is required within one year to obtain 12.5 remedial education hours regarding domestic relations issues, including maintenance, and 12.5 remedial education hours concerning appellate practice and/or legal writing, to be approved in advance by the Office of Bar Counsel, and for which he will not receive credit from the CLE Commission; and

(3) In accordance with SCR 3.450, Nesbitt shall pay all costs associated with these disciplinary proceedings against him, said sum being $1452.45, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: April 20, 2006.

/s/ Joseph E. Lambert.
Chief Justice