**Thomas McADAM III, Movant**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

**No. 2008–SC–000521–KB.**

Supreme Court of Kentucky.

Sept. 18, 2008.

## OPINION AND ORDER

Movant, Thomas McAdam III, pursuant to SCR 3.480(2), moves this Court to enter an Order resolving the pending disciplinary proceeding against him (KBA File No. 13864) by imposing a Public Reprimand. The Kentucky Bar Association (KBA) states that it has no objection to the motion. For the following reasons, the motion is granted.

## I. Background

Movant was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1976; his KBA member number is 45200. Movant's bar roster address is 2235 South Fifth Street, Louisville, Kentucky 40202. He has not previously been disciplined in the Commonwealth of Kentucky.

Gerry Ray Boston retained Movant to represent him in a divorce case. Following a trial on custody matters in which Boston received an unfavorable ruling, Movant filed a Notice of Appeal on December 23, 2004. Movant mailed a pre-hearing statement to the Clerk of the Court of Appeals on January 24, 2005. The clerk returned the statement, explaining that the filing deadline had expired pursuant to Civil Rule 76.03(4), which requires the pre-hearing statement to be filed within 20 days of the filing of the Notice of Appeal.

On February 23, 2005, the Court of Appeals issued a Show Cause Order to Movant related to his failure to file a pre-hearing statement. The Order gave Movant 20 days to respond or face dismissal of the appeal and possible sanctions. Movant received the Order, and informed Mr. Boston that it was likely the appeal would be dismissed since he had missed the deadline for filing the pre-hearing statement. Mr. Boston agreed with Movant not to pursue the appeal at that time, but to continue the litigation in Jefferson Family Court. Movant, however, did not file a response with the Court of Appeals. According to his motion before this Court, he believed he did not have any response that would prevent dismissal of the appeal.

On May 15, 2005, the Court of Appeals dismissed Mr. Boston's appeal and issued a second Show Cause Order, which demanded that Movant show cause why sanctions should not be imposed for his failure to respond to the first Order. Movant was given the option of responding or paying a $200.00 fine. Again, according to his motion before this Court, Movant believed responding would not do any good, since he had clearly not complied with the filing requirement for the pre-hearing statement. Despite receiving the Order, Movant did not file a response to the second Show Cause Order, nor did he pay the fine.

On August 10, 2005, the Court of Appeals issued an Order imposing a $200.00 fine to be paid within ten days. The Order stated, "Failure to remit the fine would result in a finding of contempt and in the imposition of additional sanctions." Movant did not pay the fine.

On December 5, 2005, the Court of Appeals ordered Movant to appear before a panel on January 10, 2006 and show cause for his failure to respond to the three previous Orders of the Court. Movant appeared and informed the Court that he had health and family problems in 2005 and that he failed to receive the August 2005 order. The Court of Appeals found

those explanations unsatisfactory and fined him $500.00, in addition to the $200.00 fine previously ordered. The Respondent paid the total $700.00 fine on February 3, 2006.

The Inquiry Commission issued a three-count Charge based on the foregoing behavior. Count I of the charge alleges that Movant violated SCR 3.130–1.1 when he failed to file a timely pre-hearing statement, resulting in the dismissal of the appeal.[1] Count II of the Charge alleges that Movant violated SCR 3.130–1.3 by failing to take appropriate steps to prosecute the appeal on behalf of Mr. Boston and failing to take remedial measures to protect his client's interest following the untimely filing of the prehearing statement.[2] Count III of the Charge alleges that Movant violated SCR 3.130–3.4(c) by failing to comply with three consecutive orders of the Kentucky Court of Appeals.[3]

## II. Analysis

In his current motion, Movant admits that his conduct as described in the Charge violated the requirements of SCR 3.130–1.1, SCR 3.130–1.3, and SCR 3.130–3.4(c). He also agrees to the imposition of discipline and requests a public reprimand.

The negotiated sanction rule provides that the KBA may "object[ ] to the terms proposed...." SCR 3.480(2). Upon receiving such objection, "if the Court determines good cause exists, [it] shall remand the case for hearing or other proceedings specified in the order of remand." *Id.* However, the KBA has stated that it has no objection to the sanction proposed by Movant. Nevertheless, acceptance of the proposed negotiated sanction still falls within the discretion of the Court: "The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.*

In support of the negotiated sanction, the KBA cites several cases with similar misconduct followed by a public reprimand. In *Kentucky Bar Association v. Quesinberry*, 203 S.W.3d 137 (Ky.2006), the attorney filed a timely Notice of Appeal, but failed to take further action. The appeal was dismissed and the Court of Appeals issued a show cause order. The attorney filed a motion to reinstate appeal, which was denied, and the court imposed a fine for her failure to respond to the motion to dismiss and the show cause order. The attorney's clients filed another motion to reinstate the appeal, contending that the attorney failed to inform them of the status of the appeal. The Court granted that motion and issued another show cause order to the attorney, to which she did not respond. The court held a contempt hearing, found the attorney in contempt and issued a fine, and reported the matter to the KBA. The attorney received a public reprimand, with a thirty-day suspension probated for a period of one year on the condition that she attend remedial ethics training.

In *Kentucky Bar Association v. Nesbitt*, 189 S.W.3d 144 (Ky.2006), the attorney

---

1. SCR 3.130–1.1 provides, "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

2. SCR 3.130–1.3 provides, "A lawyer shall act with reasonable diligence and promptness in representing a client."

3. SCR 3.130–3.4(c) states, "A lawyer shall not ... [k]nowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists ...."

began, but failed to file a brief with the court and further failed to notify his client that the brief had not been filed. The Court of Appeals decided the case on the merits, and reversed the trial court's decision on one issue. On remand, Nesbitt failed to inform his client that the case had been reversed or that a hearing had been scheduled at the trial court, and did not prepare his client for the hearing. Mr. Nesbitt received a public reprimand.

In *Moloney v. Kentucky Bar Association*, 152 S.W.3d 866 (Ky.2005) the attorney agreed to represent a client in the appeal of her criminal conviction and filed a Notice of Appeal, but took no further action. The Court of Appeals issued two show cause orders to which the attorney did not respond. The Court of Appeals then dismissed the appeal, ordered the attorney to certify that he had delivered copies of all order to his clients, and issued a third show cause order. The attorney again failed to respond, and the court imposed a monetary sanction. The attorney also led his client to believe the appeal was still pending even after the dismissal. This Court imposed a public reprimand on the attorney.

After reviewing the authorities cited by the KBA, this Court concludes that the discipline proposed by Movant is adequate. The Court hereby approves it and therefore declines further review of the matter.

### Order

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Thomas McAdam III, is publicly reprimanded for the above-described and admitted violations of the Rules of Professional Conduct.

2. In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $64.48, for which execution may issue from this Court upon finality of this Opinion and Order.

ABRAMSON, CUNNINGHAM, NOBLE, SCHRODER and SCOTT, JJ., concur.

VENTERS, J., not sitting.

ENTERED: September 18, 2008.

John D. Minton, Jr.
Chief Justice