**KENTUCKY BAR ASSOCIATION, Movant,**

v.

**Theodore H. LAVIT, KBA Member No. 40300, Respondent.**

**No. 2011–SC–000230–KB.**

Supreme Court of Kentucky.

Oct. 27, 2011.

---

*OPINION AND ORDER*

Theodore H. Lavit, KBA Member No. 40300, whose bar roster address is P.O. Box 676, Lebanon, Kentucky 40033, was admitted to practice law in Kentucky in 1964. The Trial Commissioner recommended a public reprimand for violations of the Kentucky Rules of Professional Conduct.[1] Neither Lavit nor the KBA filed a notice of appeal under SCR 3.360(4), so we now consider the record before us and enter a final order adopting the Trial Commissioner's recommendation in accord with SCR 3.370(10).

In December 2008, the Inquiry Commission issued a five-count charge against Lavit (KBA File 15396) for violating SCR 3.130–3.2, 3.130–3.3(a)(1), 3.130–3.4(c), 3.130–3.4(e), and 3.130–3.5(c). After Lavit filed his answer to the charge, the Inquiry Commission issued an additional three-count charge (KBA File 16700), which alleged violations of SCR 3.130–1.3, 3.130–3.5(c), and 3.130–4.4(a) in March 2009. The Inquiry Commission consolidated both files, and a Trial Commissioner was assigned to hear the case. The Trial Commissioner conducted an evidentiary hearing in the matter during June 2010, at which time the KBA offered exhibits as evidence; and both parties presented witness testimony.

### KBA File 15396

█ KBA File 15396 contains a five-count charge issued by the Inquiry Commission more than eight years after the complained-of conduct occurred during the course of a Marion Circuit Court jury trial. Lavit represented the plaintiff in a breach of contract action. Although the jury was informed the trial would last two to three days, the trial lasted six days before eventually ending when the trial court declared a mistrial.

The Trial Commissioner stated, "[t]he length of the trial was the result of repetitive questions, numerous objections and very lengthy bench conferences." As a result, Lavit received charges of violating the following rules: SCR 3.130–3.2 (Count I),[2] 3.130–3.3(a)(1) (Count II),[3] 3.130–3.4(c)

---

1. Although the disciplinary hearing took place in 2010, the acts that gave rise to this matter and the Inquiry Commission's issuance of charges took place before the July 2009 amendments to the Kentucky Rules of Professional Conduct went into effect. As such, we apply the Kentucky Rules of Professional Conduct in effect before July 2009.

2. A lawyer shall make reasonable efforts to expedite litigation consistent with the interests of the client.

(Count III),[4] 3.130–3.4(e) (Count IV),[5] and 3.130–3.5(c) (Count V).[6]

In an exhaustive review of the March 2000 jury trial, the Trial Commissioner found that conduct during the trial was "out of control, [however], the fault for that . . . appears to lie equally with counsel for both parties and the trial court as well." The Trial Commissioner noted:

> Excluding the first day of trial which was devoted to *voir dire*, the substance of the trial consumed four full days and two hours on the fifth day before the mistrial was declared. Total trial time was 32 hours and 51 minutes. Throughout the trial, Defendant's Counsel made repeated objections; the first being less than eight minutes into Mr. Lavit's opening statement. Each objection resulted in a bench conference. There were 113 bench conferences in all totaling 15 hours and 38 minutes. The record reflects that 51% of the trial was devoted to bench conferences. Of those 113 bench conferences, Mr. Lavit's opposing counsel, Hon. Philip George, initiated 87. Mr. Lavit initiated 11, and his co-counsel, Mr. Humphress initiated 5. Judge Bertram called for 10 of the bench conferences.

> It is disingenuous to saddle Mr. Lavit with all of the blame, or even most of the blame for the inordinate and inexplicable delays that occurred. Of the 87 objections voiced by Mr. George, only 20 resulted in a favorable result or favorable ruling. Of the remaining 67 objections voiced by Mr. George, either no action was taken or the objection was denied or overruled. All objections, however, resulted in bench conferences which, in the Trial Commissioner's opinion, were unnecessarily lengthy and some were simply unnecessary at all.

The Trial Commissioner agrees with Mr. Lavit that it appears that the charges issued by the Inquiry Commission adopted the finding and conclusions contained in Judge Bertram's *Order Declaring a Mistrial.* A review of the record, however, and the evidence presented at the hearing on this matter do not support much of those findings and conclusions.

### KBA File 16700

██ KBA File 16700 contains a three-count charge issued by the Inquiry Commission related to Lavit's representation of a client in a 2008 domestic relations matter. The charges include violations of SCR 3.130–1.3 (Count I),[7] 3.130–3.5(c) (Count II),[8] and 3.130–4.4(a) (Count III).[9] The first charge is a result of Lavit's failure to appear at a scheduled mediation, and the two remaining charges arise from

---

3. A lawyer shall not knowingly: (1) Make a false statement of material fact or law to a tribunal. . . .

4. A lawyer shall not . . . [k]nowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists.

5. A lawyer shall not . . . [i]n trial . . . allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence [or] assert personal knowledge of facts in issue except when testifying as a witness. . . .

6. A lawyer shall not . . . [e]ngage in conduct intended to disrupt a tribunal.

7. A lawyer shall act with reasonable diligence and promptness in representing a client.

8. A lawyer shall not . . . [e]ngage in conduct intended to disrupt a tribunal.

9. In representing a client, a lawyer shall not use means that have no substantial purpose other than to embarrass, delay, or burden a third person. . . .

his behavior during a hearing on a child visitation issue.

KBA alleged Lavit violated SCR 3.130–1.3 when he failed to appear at mediation in March 2008. Lavit stated he was unable to attend the mediation because he was participating in a hearing regarding a child visitation matter. The mediation was scheduled by notice from the mediator, and the hearing was scheduled by court order.

At the disciplinary hearing before the Trial Commissioner, Lavit testified he believed he could successfully juggle appearances at the court proceeding and the mediation. Additionally, Lavit testified that he recalled communicating to the mediator in some manner (perhaps hand motions) that he was present and would return. The Trial Commissioner accepted Lavit's explanation stating:

> Experience tells us that scheduling conflicts will inevitably occur. The conflict that occurred in this case would have been avoided if the morning mediation had been successful or if the hearing on the visitation issue had not consumed the apparently unanticipated amount of time that it actually took. It should also be noted that Mr. Lavit objected to hearing the motion. At the beginning of the hearing he stated to the Court: "We would severely object that we do anything today with respect to his motion to take these children to another country without a permanent award of custody (and) in that regard, the Court would probably need to hear several hours of testimony." Had that objection been sustained, the conflict would not have occurred.

Consequently, the Trial Commissioner did not find by a preponderance of the evidence that Lavit committed any violation of his duty to act with reasonable diligence and promptness.

■ Counts II and III arose from KBA allegations that Lavit violated the Kentucky Rules of Professional Conduct when he verbally attacked opposing counsel during a hearing. On these counts, the Trial Commissioner found that Lavit yelled at opposing counsel while opposing counsel questioned Lavit's client. During the course of the outburst, Lavit upbraided opposing counsel, interrupted the trial court, and reduced his own client to tears. The report of the Trial Commissioner stated:

> In over thirty years of experience, the Trial Commissioner does not recall having witnessed such a scene by a member of the bar. The record reflects contempt for the Court as well as opposing counsel; a complete lack of civility, and a loss of dignity. Although the record tends to support Mr. Lavit's claim, offered in defense of the charges, that McCain had made repeated interruptions and objections, such does not justify the intemperate outburst that ensued. Mr. Lavit's remedy was to seek the intervention of the Court. In failing to do so, and resorting to the abrasive and bullying tactic he employed, Mr. Lavit failed to demonstrate respect for the legal system, Judge Bertram, and opposing counsel....
>
> There is [no] question in the Trial Commissioner's mind that Mr. Lavit's outburst can be accurately characterized as abusive and obstreperous. He unnecessarily engaged in theatrics and belligerence with the intent to disrupt the tribunal and intimidate and embarrass opposing counsel.

By a preponderance of the evidence, the Trial Commissioner found that Lavit violated SCR 3.130–3.5(c) and SCR 3.130–4.4(a).

### CONCLUSION

In KBA File 15396, the Trial Commissioner found Lavit not guilty on all counts. In KBA File 16700, the Trial Commissioner found Lavit not guilty of violating SCR 3.130–1.3 (Count I). But the Trial Commissioner did find Lavit guilty of violating SCR 3.130–3.5(c) (Count II) and 3.130–4.4(a) (Count III). In considering the recommended sanction, the Trial Commissioner considered the following aggravating factors:

1) Lavit's history of disciplinary offenses;

2) A pattern of misconduct;

3) Multiple offenses—although there were two separate findings of guilt, it is noted that both charges arise from the same incident;

4) Refusal to acknowledge the wrongful nature of the conduct;

5) Lavit's substantial experience in the practice of law—admitted to the Bar in 1964; and

6) Lavit's misconduct was of a public nature.

Based on these factors, the Trial Commissioner recommended that Lavit receive a public reprimand. Accordingly, we now enter a final order adopting the Trial Commissioner's recommendation in accord with SCR 3.370(10) because neither party filed a notice of appeal.

Based upon the foregoing, the Court orders:

1) Theodore Lavit is found not guilty of violating SCR 3.130–3.2, 3.130–3.3(a)(1), 3.130–3.4(c), 3.130–3.4(e), and 3.130–3.5(d) (Counts I–V) as alleged in KBA File 15396;

2) Theodore Lavit is found not guilty of violating SCR 3.130–1.3 (Count I) as alleged in KBA File 16700;

3) Theodore Lavit is found guilty of violating SCR 3.130–3.5(c) (Count II) and 3.130–4.4(a) (Count III) as alleged in KBA File 16700 for which he is reprimanded by this Court; and

4) Because he was found not guilty of the misconduct alleged in File KBA File 15396, Theodore Lavit is directed to pay all costs associated only with KBA File 16700 in the total amount of $1,927.34, for which execution may issue from this Court upon the finality of this Opinion and Order.

ENTERED: June 16,2011.

/s/ <u>John D. Minton</u>