TO BE PUBLISHED

# Supreme Court of Kentucky

## 2014-SC-000057-KB

FINAL
DATE 4-1-14 ____

RICHARD K. ROSE                           MOVANT

V.                      IN SUPREME COURT

KENTUCKY BAR ASSOCIATION              RESPONDENT

## OPINION AND ORDER

Richard K. Rose moves this Court to issue a public reprimand for his admitted violations of Supreme Court Rule ("SCR") 3.130-1.1,[1] SCR 3.130-1.5,[2] SCR 3.130-3.4(c),[3] and SCR 3.130-1.15(a).[4] The Kentucky Bar Association ("KBA") states no objection to the proposed discipline. Finding a public reprimand to be the appropriate discipline for his misconduct, we grant Rose's motion. Rose, whose KBA member number is 93386 and whose bar roster

---

[1] SCR 3.130-1.1 provides: "A lawyer shall provide competent representation to a client. Competent representation requires the legal knowledge, skill, thoroughness and preparation reasonably necessary for the representation."

[2] SCR 3.130-1.5 provides, in pertinent part: "A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses."

[3] SCR 3.130-3.4(c) provides that a lawyer shall not "knowingly disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists[.]"

[4] SCR 3.130-1.15(a) provides, in pertinent part: "A lawyer shall hold property of clients or third persons that is in a lawyer's possession in connection with a representation separate from the lawyer's own property."

address is P.O. Box 910253, Lexington, Kentucky 40513, was admitted to the practice of law in the Commonwealth of Kentucky on December 9, 2009.

Margaret Finn retained Rose to represent her in a bankruptcy matter in early 2012. Rose was paid $3,100.00, which he placed in his personal banking account. He then filed two bankruptcy petitions on Finn's behalf. The first petition was dismissed for failure to pay the filing fee, and the second was dismissed for failure to file required documents. Rose failed to inform the Bankruptcy Court that he had collected a fee from Finn in violation of 11 U.S.C. § 329(a).[5] He further failed to notify Finn that the petitions had been dismissed. She only learned of the dismissals after receiving orders from the Bankruptcy Court in the mail. Finn subsequently discharged Rose and retained new counsel.

On August 23, 2012, Finn filed a motion with the Bankruptcy Court to set aside an order of dismissal. The United States Trustee filed a motion for an order disgorging excessive fees, asserting that the $3,100.00 collected by Rose far exceeded the value of the services rendered. The Trustee further stated that Rose failed to complete required bankruptcy schedules for Finn, that he never filed or obtained confirmation of a repayment plan for Finn, that his fee did not fit into the local compensation rubric in force for Chapter 13 debtor's attorneys

---

[5] 11 U.S.C.A. § 329(a) provides: "Any attorney representing a debtor in a case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation."

in the district, and that he failed to refund Finn's fee despite requests to do so. On October 10, 2012, a United States Bankruptcy Court judge entered an order finding that Rose provided Finn no value in relation to her desire to receive bankruptcy relief and that he failed to disclose the $3,100.00 compensation he had received which he was required to disclose pursuant to 11 U.S.C. § 329(a) and Federal Rule of Bankruptcy Procedure 2016(b). The order directed full disgorgement of the fee. Rose ultimately refunded Finn's $3,100.00 fee in full just prior to the entry of the order.

The Inquiry Commission filed a four-count charge against Rose on May 9, 2013, and filed an amended charge on October 18, 2013. Count I of the amended charge alleged a violation of SCR 3.130-1.1 (failing to offer competent representation of a client). Rose admits that he violated this rule by failing to file the required schedules and repayment plan, and by failing to disclose his fee to the Bankruptcy Court. Count II of the amended charge alleged a violation of SCR 3.130-1.5 (collecting an unreasonable fee). Rose admits that he violated this rule by collecting the $3,100.00 fee from Finn, which was unreasonable in light of the services provided. Count III of the amended charge alleged a violation of SCR 3.130-3.4(c) (knowingly disobeying an obligation under the rules of a tribunal). Rose admits that he violated this rule by violating Bankruptcy Court rules by failing to redact Finn's social security number and by failing to disclose his fee to the court. Count IV of the amended charge alleged a violation of SCR 3.130-1.15(a) (safekeeping client property).

Rose admits that he violated this rule by depositing the $3,100.00 into his personal banking account.

The KBA states no objection to Rose's motion for a public reprimand, asserting that case law supports the discipline. After reviewing the record and the applicable law, the Court finds a public reprimand is an appropriate punishment for Rose's misconduct. We have faced similar misconduct in *McAdam v. Kentucky Bar Association*, 262 S.W.3d 640 (Ky. 2008), wherein this Court imposed a public reprimand when an attorney admitted to committing ethical violations arising from his failure to file a prehearing statement and by not complying with show cause orders. *See also Stutsman v. Kentucky Bar Association*, 184 S.W.3d 560 (Ky. 2006) (public reprimand was appropriate discipline in a case where an attorney disregarded procedural requirements and repeatedly missed deadlines). The record establishes that Rose, who has no prior disciplinary history, engaged in misconduct warranting a public reprimand.

For the reasons stated herein, Rose's motion is granted. Therefore, it is hereby ORDERED,

1. Richard K. Rose, KBA Member Number 93386, is publicly reprimanded for his violation of SCR 3.130-1.1, SCR 3.130-1.5, SCR 3.130-3.4(c), and SCR 3.130-1.15(a);

2. In accordance with SCR 3.450, Rose is directed to pay $197.79 in

4

costs associated with these disciplinary proceedings, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 20, 2014.

_____
CHIEF JUSTICE