TO BE PUBLISHED

# Supreme Court of Kentucky

2023-SC-0148-KB

SHAMEKA LYNN O'NEIL                                              MOVANT


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                              RESPONDENT


## OPINION AND ORDER

Pursuant to SCR[1] 3.480(2), Shameka Lynn O'Neil moves this Court to impose the sanction of a public reprimand for her admitted violations of SCR 3.130(3.4)(c) and SCR 3.130(3.5)(d), as well as for dismissal of Counts I and II of the pending Charge against her.  O'Neil seeks this sanction as a result of her negotiated agreement with the Kentucky Bar Association (KBA).  The KBA has no objection to the motion.  Finding the negotiated sanction to be appropriate under the facts of this case and applicable law, we grant O'Neil's motion.

O'Neil, KBA Member Number 95090, was admitted to the practice of law in the Commonwealth on October 19, 2012.  Her bar roster address is 3131 S. 2nd Street, #217, Louisville, Kentucky 40208.  O'Neil has four previous disciplinary cases: (1) a private admonition in 2018 for violation of SCR

---

[1] Rules of the Supreme Court

3.130(1.16)(a)(3) and SCR 3.130(1.16)(d); (2) a private admonition in 2020 for violation of SCR 3.130(1.3) and SCR 3.130(1.16)(d); (3) a public reprimand[2] in 2021 for violation of SCR 3.130(1.1), SCR 3.130(1.3), SCR 3.130(1.4)(a)(3), SCR 3.130(1.5)(a), and SCR 3.130(1.5)(b); and a private admonition in 2022 for violation of SCR 3.130(1.3), SCR 3.130(1.16)(d), SCR 3.130(8.1)(b), and SCR 3.130(8.4)(c).

## BACKGROUND

This disciplinary proceeding arises out of O'Neil's admitted violation of the Rules of Professional Conduct as charged in KBA File 21-DIS-0006. On January 12, 2021, O'Neil appeared via Zoom before the Jefferson District Court to represent her client, Curtis D. Burns, in pleading guilty to four criminal matters pursuant to a plea agreement. The plea agreement included a provision for Burns to be furloughed to a six-month substance abuse program.

As the prosecutor read the terms of the plea agreement into the record, Burns asserted he did not understand that the agreement included a prison term. O'Neil acknowledges she then interrupted the court, spoke directly to her client, and continued to interrupt people who were speaking. O'Neil informed the court that her client needed treatment for mental health issues rather than substance abuse. Burns responded that he did not have mental

---

[2] Our opinion regarding O'Neil's previous public reprimand is set forth in *O'Neil v. Kentucky Bar Association,* 614 S.W.3d 503 (Ky. 2021). Stated briefly, in that case O'Neil charged a client $1,900 to file an employment discrimination claim, then filed the claim in an incorrect jurisdiction, failed to inform her client either that the defendant had moved to dismiss the claim or that the trial court granted that motion, dropped her client, invoiced her for additional amounts, and refused to refund any portion of the fee.

health issues, at which point O'Neil moved to withdraw from representing him on grounds he was not listening to her advice.

The District Court denied O'Neil's motion to withdraw. O'Neil requested an explanation and as the court began to explain the basis for its ruling, O'Neil again began speaking over the court. The court then told O'Neil it could not accept Burns' guilty pleas if he did not understand or agree to the terms of the plea agreement. O'Neil told the court she had reviewed the terms of the agreement with Burns and that he understood and agreed to them. O'Neil then informed the court Burns had flooded a toilet, caused disturbances, and was involved in fights while in jail. O'Neil explains she mentioned this conduct to illustrate Burns' need for mental health treatment.

O'Neil then informed the court she was withdrawing from the case if Burns did not accept the plea agreement. The court again told O'Neil her motion to withdraw was denied, at which point O'Neil stated to the court "I bet I don't appear again. Goodbye" and left the Zoom meeting. The court then stated it was moving to hold O'Neil in contempt and would enter an order compelling her appearance the following day.

O'Neil returned to the Zoom meeting and was ordered by the court to appear the following morning at 9:00 a.m. O'Neil protested and said she could not be present. The court again instructed her to appear the following morning at 9:00 a.m. and removed her from the Zoom call. O'Neil called the court and was informed court was recessed until 1:00 p.m. Five minutes later O'Neil sent the court an email threatening to file a complaint against the sitting judge if she

3

did not clarify how O'Neil was to appear the following day or provide a written explanation of the basis for denying O'Neil's motion to withdraw. O'Neil then appeared on Zoom when court resumed at 1:00 p.m., again moved to withdraw, and restated the threats contained in her email.

The District Court entered an order the same day finding O'Neil in direct criminal contempt because her refusal to abide by the order requiring her appearance the following morning amounted to obstruction of justice. The court also granted O'Neil's motion to withdraw by what O'Neil describes as "default." The court imposed a $500 fine and sentenced O'Neil to 90 days imprisonment, conditionally discharged for two years provided she refrained from additional acts of contempt and read the entire Kentucky Supreme Court Rules of Professional Responsibility. O'Neil paid the imposed fine.

On December 17, 2021, the Inquiry Commission filed a four-count Charge alleging that O'Neil's conduct violated four Rules of Professional Conduct. Count I alleges a violation of SCR 3.130(1.4)(b), which states: "A lawyer shall explain a matter to the extent reasonably necessary to permit the client to make informed decisions regarding the representation." Count II alleges a violation of SCR 3.130(1.6)(a), which states: "A lawyer shall not reveal information relating to the representation of a client unless the client gives informed consent, the disclosure is impliedly authorized in order to carry out the representation or the disclosure is permitted by paragraph (b) [of the Rule]." Count III alleges a violation of SCR 3.130(3.4)(c), which states: "A lawyer shall not . . . knowingly disobey an obligation under the rules of a tribunal except for

4

an open refusal based on an assertion that no valid obligation exists." Count IV alleges a violation of SCR 3.130(3.5)(d), which states: "A lawyer shall not . . . engage in conduct intended to disrupt a tribunal."

O'Neil admits she engaged in the conduct alleged in the Charge and that her conduct violated SCR 3.130(3.4)(c) and 3.130(3.5)(d). O'Neil offers as mitigation that she had not taken prescribed mood stabilizing medications in the weeks leading up to the incident at issue here and has since participated in anger management therapy and committed to taking her prescribed medications. She requests that the Court enter an Order finding her guilty of violating SCR 3.130(3.4)(c) and SCR 3.130(3.5)(d) and imposing a public reprimand and costs of these proceedings as an appropriate sanction. She also seeks dismissal of Counts I and II of the Charge. The KBA filed a response to O'Neil's motion stating it has no objection.

## ANALYSIS

Our Rules permit a lawyer and the KBA to agree to a negotiated sanction:

> The Court may consider negotiated sanctions of disciplinary investigations, complaints or charges prior to the commencement of a hearing before a Trial Commissioner under SCR 3.240. Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement. . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA agrees with the negotiated sanction of a public reprimand here and cites four cases in support. In *Johnson v. Kentucky Bar Association*, 364 S.W.3d 192 (Ky. 2012), attorney Johnson twice failed to comply with court orders requiring him to turn over a wrongful termination case file to a bankruptcy trustee after his client filed for bankruptcy. Johnson admitted his conduct violated SCR 3.130(3.4)(c) and requested approval of a sanction of public reprimand. The KBA did not object. We approved the sanction given the mitigating circumstance that the conduct occurred while Johnson was dealing with his wife's heart surgery and his father's death.

In *McAdam v. Kentucky Bar Association*, 262 S.W.3d 640 (Ky. 2008), attorney McAdam failed to respond to three separate orders by the Court of Appeals. The first order required McAdam to show cause for his failure to file a pre-hearing statement, the second required him to show cause for failure to respond to the first order, and the third required him to show cause for his failure to pay an imposed $200 fine. McAdam admitted his conduct violated SCR 3.130(3.4)(c) and requested approval of a sanction of public reprimand. The KBA had no objection and we approved the requested sanction.

In *Stutsman v. Kentucky Bar Association*, 184 S.W.3d 560 (Ky. 2006), the Court of Appeals held attorney Stutsman in contempt for failing to comply with orders of that Court and failing to timely file a brief. Stutsman admitted his conduct violated SCR 3.130(3.4)(c) and requested issuance of a public

6

reprimand.  The KBA had no objection and we approved the sanction of a public reprimand.

In *Kentucky Bar Association v. Lavit*, 351 S.W.3d 210 (Ky. 2011), attorney Lavit yelled during opposing counsel's examination of Lavit's client, upbraided opposing counsel, reduced his own client to tears, and interrupted the trial court.  The Trial Commissioner stated he did not recall seeing such a scene by a member of the bar in more than thirty years of experience and characterized the conduct as "abusive," "obstreperous," and undertaken with an intent to disrupt the proceedings.  The Trial Commissioner recommended a sanction of public reprimand for this violation of now-SCR 3.130(3.5)(d), which we adopted.[3]

The KBA cites these cases to demonstrate that a public reprimand is an appropriate sanction.  We strongly disapprove of and condemn any attorney's declaration of a willful refusal to comply with obligations arising under the rules of a tribunal or intentional disruption of tribunal proceedings.  That said, we also note O'Neil has taken positive steps since the incident to prevent a recurrence of such conduct, including participating in anger management therapy, continued medical treatment for her mood disorder, and a commitment to taking her prescribed medications.  As such, after reviewing the facts and relevant case law, O'Neil's previous disciplinary record, and the mitigating circumstances she presents, we agree with O'Neil and the KBA that

---

[3] Our current SCR 3.130(3.5)(d) was previously set forth in SCR 3.130(3.5)(c).

a public reprimand with direction to pay costs is appropriate in this matter and grant O'Neil's motion.

For the foregoing reasons, it is hereby ORDERED:

1. Shameka Lynn O'Neil is publicly reprimanded for the above-described and admitted violations of SCR 3.130(3.4)(c) and SCR 3.130(3.5)(d).

2. Counts I and II of the Charge are dismissed.

3. In accordance with SCR 3.450, O'Neil is directed to pay the costs of this action in the amount of $919.82, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: August 24, 2023

_____
CHIEF JUSTICE VANMETER