**Michael Wayne MORSE, Exq., Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 98–SC–38–KB.

Supreme Court of Kentucky.

Feb. 19, 1998.

———

**OPINION AND ORDER**

Movant, Michael Wayne Morse, of McCracken County, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1993.

On July 2, 1997, the Inquiry Tribunal issued a three-count charge against Movant, arising from his representation of Linda Langness as a plaintiff in an employment termination dispute. By July 26, 1996, Movant had prepared a final draft of a civil complaint. Movant represented to his client on or about that same day that said complaint had been filed in McCracken Circuit Court.

Between August 1996 and December 17, 1996, Ms. Langness repeatedly inquired about the status of her case, to which no adequate response was given. On or about December 17, 1997, Ms. Langness discovered that no civil action had been filed by Movant in McCracken Circuit Court. Ms. Langness subsequently discharged Movant and lodged a complaint with the KBA.

In Count I of the charge, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.3 for his failure to timely discover that the complaint had not been filed and, in the absence of such discovery, by failing to attempt to file a motion for default judgment and properly investigate why the Defendant had not filed an answer. In his response to the charge, Movant admits that his actions were as charged, and were in violation of SCR 3.130–1.3.

In Count II of the charge, the Inquiry Tribunal charged Movant with a violation of SCR 3.130–1.4(a) for failing to adequately communicate with Ms. Langness between August 1996 and December 1996 regarding the status of her action. Again, Movant admits that his actions were in violation of SCR 3.130–1.4(a).

Count III of the Inquiry Tribunal's charge alleged that Movant had violated SCR 3.130–1.16(d) for failing to timely surrender Ms. Langness' file and its contents to her and her new attorney. Movant denies these allegations. Movant claims that during his representation of Ms. Langness, all original documents were retained by her, with perhaps one exception of an employee handbook which was retrieved by Ms. Langness at about the time she terminated Movant. On these facts, Movant asks this Court for a dismissal of Count III of the charge.

The KBA, in response to Movant's Motion for Public Reprimand and dismissal of Count III of the charge, state no grounds for objection to said motion.

IT IS THEREFORE ORDERED THAT:

Movant, Michael Wayne Morse, with no objections stated by the KBA, be and hereby is publicly reprimanded after having acknowledged that he entered in unprofessional and unethical conduct as charged in Counts I and II. Count III of the charge is hereby dismissed. Movant is further ordered to pay the costs of this action pursuant to SCR 3.450.

All concur.

ENTERED February 19, 1998.

Robert F. Stephens
CHIEF JUSTICE