**KENTUCKY BAR ASSOCIATION,**
**Complainant,**

v.

**Charles H. ZIMMERMAN,**
**Jr., Respondent.**

**No. 1999–SC–1171–KB.**

Supreme Court of Kentucky.

Feb. 24, 2000.

## OPINION AND ORDER

The Kentucky Bar Association (KBA) brought this action against Respondent, Charles H. Zimmerman, Jr., based on his representation of the Okolona Baptist Church and the South Jefferson Improvement Association (clients) regarding a zoning matter before the Jefferson Circuit Court and the Kentucky Court of Appeals. A trial commissioner was appointed to make findings of fact and conclusions of law. Neither the KBA nor Respondent filed a notice of appeal pursuant to SCR 3.360(4). Therefore, pursuant to SCR 3.370(10), the recommendation of the trial commissioner is adopted by this Court and Respondent is hereby suspended from the practice of law in this Commonwealth for a period of 45 days.

Respondent has been a licensed attorney in the Commonwealth since 1975. In 1996 he took on the representation of these clients regarding a zoning matter which the clients had previously lost pro se at the planning and zoning board level. Respondent represented the clients before the Jefferson Circuit Court in which the court sustained the board's determination to allow a Meijer store to locate immediately adjacent to property owned by the church and in which the South Jefferson Improvement Association was interested. The present charge does not involve Respondent's representation at the circuit court level.

Respondent filed a notice of appeal on behalf of his clients on November 14, 1996. However, Respondent failed to file the required pre-hearing statement in the Court of Appeals. A motion to dismiss was thus filed on December 12, 1996. The Court of Appeals dismissed the appeal on January 30, 1997, noting that no response to the motion to dismiss had been filed by Respondent. Respondent failed to communicate this dismissal to his clients. When he did finally communicate the status of the appeal to his clients, Respondent made representations that despite the dismissal, a new cause of action could subsequently be filed.

The KBA filed a three count charge against Respondent resulting from this representation alleging that (1) Respondent violated SCR 3 .130–1.3 by failing to file the pre-hearing statement or another document, which led to the dismissal; (2) Respondent violated SCR 3.130–1.4(a) by failing to keep his clients reasonably informed of the status of their case and failing to promptly comply with reasonable requests for information; and (3) Respondent violated SCR 3.130–8.3(c) by engaging in conduct involving dishonesty, fraud, deceit or misrepresentation.

In response to count I, Respondent indicated that he could not recall ever receiving the motion to dismiss his clients' case. The trial commissioner found it to be common practice however, for counsel to receive notice by the Court of Appeals of such motions and that therefore Respondent had received the motion documents. Further, Respondent attempted to convince the trial commissioner that his filing of a pleading in the circuit court was an attempt to prevent the dismissal of the appeal. The trial commissioner found Respondent to be experienced with the appellate process and found the misfiling of a pleading in the wrong court to be insufficient mitigation. Finally, Respondent at

no time attempted to cure his deficiency in the Court of Appeals itself. Therefore, the trial commissioner found Respondent to be in violation of SCR 3.130–1.3 by failing to "act with reasonable diligence and promptness in representing a client," based on his failure to perfect the appeal.

Respondent also violated SCR 3.130–1.4(a) as alleged in count II, since he had an obligation to immediately notify his clients of the dismissal of their appeal but failed to do so. SCR 3.130–1.4(a) states that "[a] lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information." It was only through a chance encounter between Respondent and the son of the Pastor of the church that the dismissal of the appeal was first conveyed to the clients.

When Respondent finally appeared at a church meeting in April 1998, some fifteen months after the dismissal of the appeal, his admission of his failure to perfect the appeal was coupled by Respondent's representation that new information regarding the case had come to his attention, including the existence of a new law, which would have made the filing of a new cause of action possible. Respondent promised that he would file a new cause of action, would notify the clients when he had done so and would reduce to writing the nature and substance of this new agreement. Respondent again failed to fulfill these promises. Respondent testified before the trial commissioner that he later became aware that this new law was not yet in effect which would render him unable to go forward with the suit. However, Respondent never notified his clients of this information. After the April 1998 meeting, there was no further contact between Respondent and these clients. His continued failure to inform his clients of the status of their case was in violation of SCR 3.130–1.4(a).

Finally, Respondent was found to have violated SCR 3.130–8.3(c). The rule warns that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation." The trial commissioner found that Respondent violated this rule for his "passive misrepresentation" to his clients through his failure to inform them of the dismissal, and "actual misrepresentation" for his subsequent representations that he would file a new cause of action.

Finding Respondent guilty of the three counts set forth in the charge, and further finding that Respondent has suffered no prior disciplinary action, the trial commissioner recommended that Respondent be suspended from the practice of law in this Commonwealth for a period of 45 days and that he incur the costs of this disciplinary proceeding.

Upon the foregoing facts and charges, it is ordered that the trial commissioner's recommendation of a 45 day suspension be adopted. It is further ordered that:

1. Respondent, Charles H. Zimmerman, Jr., is hereby suspended from the practice of law in Kentucky for a period of 45 days. The period of suspension shall commence on the date of entry of this Opinion and Order.

2. In accordance with SCR 3.450, Respondent is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $2,265.89, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: February 24, 2000.

/s/ Joseph E. Lambert
CHIEF JUSTICE