James A. RESKIN, KBA Member
No. 84223, Movant,

v.

KENTUCKY BAR ASSOCIATION,
Respondent.

No. 2003–SC–0044–KB.

Supreme Court of Kentucky.

March 20, 2003.

### OPINION AND ORDER

Movant, James A. Reskin, of Louisville, Kentucky, was admitted to the practice of law in the Commonwealth of Kentucky by order of this Court entered on February 21, 1992. On April 15, 2002, the Inquiry Commission issued a two (2) count Charge (KBA File No. 8914) against Movant that alleged violations of the Kentucky Rules of Professional Conduct in connection with Movant's representation of a plaintiff in a Jefferson Circuit Court civil action. Count I of the Charge outlined the relevant factual allegations:

> [Movant] represented Kenneth Gill in the case styled *Kenneth Gill v. Watson Wrecking Co., Inc. and Larry Watson,* Jefferson Circuit Court, Case No. 99–CI–01636. A judgment was entered in the above referenced case on October 24, 2000 in favor of Mr. Gill in the amount of $7,500.00, plus interest and court costs....

> Following the entry of the judgment, Respondent sent his client a letter dated December 5, 2000, in which he enclosed a copy of the judgment. In the letter, Respondent stated "we now have a judgment to be enforced and part of my job is to enforce the judgment. I have submitted garnishments to a number of local banks and we will have answers and some money within three (3) weeks." ... Mr. Gill received no money within the three (3) week time period. [Movant] failed to contact Mr. Gill and indicate that no money had been received from the garnishments or that they were unable to collect on the judgment.

> Mr. Gill attempted to contact [Movant] numerous times between December, 2000 and September, 2001. Mr. Gill received no response from [Movant] during this time period. On September 29, 2001, Mr. Gill sent [Movant] a letter stating that he would appreciate any information that he would have on his case. He received no response to that letter....

Count I charged Movant with violating SCR 3.130–1.3 ("A lawyer shall act with reasonable diligence and promptness in representing a client") by "fail[ing] to diligently take action to collect a judgment after informing his client that he would do so." Count II charged Movant with violating SCR 3.130–1.4(a) ("A lawyer should keep a client reasonably informed about

the status of a matter and promptly comply with reasonable requests for information") by "fail[ing] to communicate with his client between December, 2000 and September, 2001 regarding the status of his efforts to collect on a judgment ... and fail[ing] to promptly comply with reasonable requests for information from his client regarding the collection efforts."

Movant denies Count I's allegation that he failed to take action diligently to collect his client's judgment and contends that, in late 2000 and early 2001, he and his paralegal did in fact take steps, including preparing and serving a garnishment, to collect the judgment. Although those measures ultimately proved unsuccessful, Movant disputes Count I's suggestion that he ignored the matter. Movant admits, however, that he violated SCR 3.130–1.4(a) as alleged in Count II by failing to communicate with his client or to respond to his client's reasonable requests for information. Movant thus moves the Court to issue a public reprimand and to terminate the disciplinary proceedings against him. The Kentucky Bar Association, through bar counsel, advises the Court that it has no objection to Movant's request.

IT IS THEREFORE ORDERED THAT:

(1) Movant, James A. Reskin, be and hereby is publically reprimanded after having acknowledged that he engaged in unprofessional conduct as charged in Count II of the Charge issued in KBA File No. 8914, and such discipline shall terminate the KBA File No. 8914 disciplinary proceedings against Movant.

(2) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $9.53, and for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

Entered: March 20, 2003.

/s/ Joseph E. Lambert
   Chief Justice