Michael R. **MOLONEY, KBA Member No. 49250, Movant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 2004–SC–1053–KB.

Supreme Court of Kentucky.

Jan. 20, 2005.

Bernard Parfunda, Lexington, KY, Counsel for Movant.

Bruce K. Davis, Executive Director, Cindra Walker, Deputy Bar Counsel, Kentucky Bar Association, Frankfort, KY, Counsel for Respondent.

## OPINION AND ORDER

The Movant, Michael R. Moloney, moves this Court to impose a Public Reprimand for violating SCR 3.130–1.3; SCR 3.130–1.4(a); SCR 3.130–3.4(c); and SCR 3.130–8.3(c). Movant admits that he is guilty of all violations, and we grant his Motion for a Public Reprimand.

The facts underlying Movant's violations began during his representation of Client A in a criminal matter in 2000. Client A after discharging her trial attorney employed Movant to pursue an appeal upon a third-degree rape conviction and paid the Movant $2,500. Movant filed an appearance, and after Client A's sentencing phase, he filed a Notice of Appeal in August of 2000. On December 4, 2000, the Kentucky Court of Appeals issued a Show Cause Order stating that the appeal had not been perfected as required. The Show Cause Order directed that an original response to the Show Cause Order and four copies of any response be filed within twenty days. Movant failed to respond.

On January 24, 2001, the Court of Appeals issued a second Show Cause Order stating that Movant had twenty days to show cause why the appeal should not be dismissed for failure to timely file a brief. The second Show Cause Order stated that the Court of Appeals could not determine if Client A received a copy of the original Show Cause Order. Again, Movant failed to respond within twenty days.

On March 19, 2001, the Court of Appeals dismissed the appeal and directed the

Movant to file "certifications that appellant [Client A] was served with a copy of the January 24, 2001, show cause order, and this order dismissing the appeal." Movant was provided fifteen days to comply with the notice that he would have to show cause why professional conduct sanctions should not be imposed. Improvidently, Movant neither responded nor complied with the requirement that he provide the certifications requested.

As a result of Movant's repeated failure to respond, the Court of Appeals entered another show cause order imposing a sanction of $150.00. On June 28, 2001, the Court of Appeals received a letter dated June 27, 2001 from Movant and a check for $150. In the letter, Movant claimed he did not receive the March 19, 2000 Show Cause Order. But he did acknowledge receipt of the January 24, 2001 Show Cause Order, and stated as follows:

> I apologize to the court for this oversight[.] I am in the process of preparing the documentation required by the court to submit to my client. I will follow up this letter with certification required by the March [19, 2000] order which I now have in my possession, having received a faxed copy pursuant to my request on June 27, 2001.

Thereafter, Movant did not file the appropriate documentation or provide the certifications he indicated he would provide. Additionally, Movant failed to provide a copy of the dismissal order or any other order as ordered by the Court of Appeals and as promised by his correspondence on June 27, 2001. Movant did not inform his client in any manner. In fact, Movant led his client to believe that the appeal was active and did not attempt to correct that misapprehension. His client attempted to contact him from June 2001 to June 2003.

In June of 2002, Client A discovered that the appeal had been dismissed when she received a copy of the order of dismissal and an order for her to appear at a resentencing hearing on June 29, 2002. The resentencing hearing was continued until September 6, 2002, and she was sentenced to five years imprisonment. Movant continued to represent Client A during the resentencing hearing. Client A was incarcerated in September of 2002. Movant refunded his compensation to Client A's mother.

Client A filed a *pro se* motion to reinstate her appeal based on Movant's failure to provide competent representation, *i.e.,* timely filing the appropriate documents. The Court to Appeals granted that motion and reinstated her appeal. She obtained other counsel and was released from prison after the reinstatement of her appeal bond.

■ Movant admits that he violated SCR 3.130–1.3 by failing to timely file a brief in the Court of Appeals and by failing to properly and timely respond to the multiple show cause orders. "A lawyer shall act with reasonable diligence and promptness in representing a client." [1]

■ Movant also admits that he violated SCR 3.130–1.4(a) by failing to notify his client that her appeal was dismissed, by failing to provide copies of court orders, and by failing to respond to his client's requests for information regarding the status of the appeal.[2] SCR 3.130–1.4(a)

---

1. SCR 3.130–1.3. *See Skaggs v. Kentucky Bar Ass'n,* 915 S.W.2d 744 (Ky.1996); *Adams v. Kentucky Bar Ass'n,* 877 S.W.2d 609 (Ky. 1994) (public reprimand imposed for misrepresenting case status).

2. *See Morse v. Kentucky Bar Ass'n,* 961 S.W.2d 798 (Ky.1998) (imposing a public reprimand for failing to adequately communicate case status to client or attempting to file required documents); *Reskin v. Kentucky Bar*

states, "A lawyer should keep a client reasonably informed about the status of a matter and promptly comply with reasonable requests for information."

■ Movant admits that he violated SCR 3.130–3.4(c) by failing to timely file a brief on behalf of his client pursuant to the Kentucky Rules of Civil Procedure and by failing to comply with multiple show cause orders issued by the Court of Appeals.[3] SCR 3.130–3.4(c) states, "A lawyer shall not: knowingly or intentionally disobey an obligation under the rules of a tribunal except for an open refusal based on an assertion that no valid obligation exists."

■ Finally, Movant admits that he violated SCR 3.130–8.3(c) by misrepresenting to his client that her appeal was pending after it was dismissed, and by misrepresenting to the Court of Appeals that he would provide certification that his client was served with copies of orders.[4] SCR 3.130–8.3(c) states that it is professional misconduct for a lawyer to "[e]ngage in conduct involving dishonesty, fraud, deceit or misrepresentation."

■ Considering Movant's absence of a prior disciplinary record, full and free disclosure to the disciplinary board, a cooperative attitude toward the disciplinary proceedings, the full refund of fees to his client and the imposition of other sanctions, a Public Reprimand is the appropriate sanction in this matter.

Upon the Movant's acknowledgement that he engaged in multiple instances of professional misconduct as set out above, and upon the foregoing charges and facts,

it is ordered that the Movant's Motion for Public Reprimand be granted. Therefore, it is ORDERED that:

1. Movant, Michael R. Moloney, is hereby publicly reprimanded for violating SCR 3.130–1.3; SCR 3.130–1.4(a); SCR 3.130–3.4(c); and SCR 3.130–8.3(c).

2. In accordance with SCR 3.450, Moloney is directed to pay all costs associated with these disciplinary proceedings in the amount of $165.44, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur except SCOTT, J., not sitting.

ENTERED: January 20, 2005.

/s/ Joseph E. Lambert
Chief Justice

---

*Ass'n,* 98 S.W.3d 863 (Ky.2003) (imposing public reprimand for failing to communicate with client regarding status of case and failing to promptly comply with reasonable request for information).

**3.** *See Kentucky Bar Ass'n v. Jacob,* 950 S.W.2d 832 (Ky.1997) (imposing thirty day suspen-

sion for failing to comply with a discovery order, knowingly lying to court, and failing to correct misrepresentations of fact in civil proceedings).

**4.** *See Kentucky Bar Ass'n v. Zimmerman,* 11 S.W.3d 47 (Ky.2000).