David KAPLAN, Movant,

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2006–SC–000521–KB.

Supreme Court of Kentucky.

Sept. 21, 2006.

**OPINION AND ORDER**

David Kaplan, Movant, whose Bar Roster Address is Chestnut Center Plaza, 410 West Chestnut Street, 6th Floor, Room 632, Louisville, KY 40202 and whose KBA Member Number is 37240, filed a motion for consensual discipline in this Court, pursuant to SCR 3.480(2), asking that the Court suspend him from the practice of law for thirty days. The Kentucky Bar Association (KBA) filed its response to the motion, stating that it had no objection to the motion and agreeing "that the appropriate discipline in this matter is a(30) day suspension."

Movant admits that he is guilty of violating the Rules of Professional Conduct as set out in Counts I, II, III, IV, and V of the Charge in KBA File 13385. The facts and circumstances follow. Kelsie Thompson was injured at a Ryan's Steakhouse in August 2003. In August 2004, Movant filed a personal injury action in Jefferson County. Ryan's Steakhouse filed its answer in September 2004, asserting as a defense that the complaint should be dismissed for insufficient service of process.[1]

---

1. Movant admits that service of process was flawed. In both the Civil Complaint and the Summons the defendant is identified as Ryan's Steakhouse, this despite the fact that there was no such entity registered with the Kentucky Secretary of State and the restaurant was not owned by an entity with that name. At the time the complaint was filed the registered owner of the restaurant was Ryan's Family Steakhouses East, Inc., a Delaware corporation that was registered with the Kentucky Secretary of State as an "inactive foreign corporation in good standing." This corporation was listed as inactive presumably because it had filed an amendment in January 2004 to change its name to Fire Mountain

In October 2004, the defendant filed a Motion to Quash Service of Process and to Dismiss Complaint. Movant did not respond to the motion and failed to appear at a hearing on the matter that was held in November 2004. The case was dismissed without prejudice.

Between November 2004 and August 2005, however, Thompson believed that her case was still ongoing. Although she spoke with Movant on a regular basis to inquire about his progress on the case, he did not inform her that the case had been dismissed until August 2005, when he told her, without explanation, that they had "lost the case."

Movant admits that his handling of Thompson's case violated the following Rules of Professional Discipline: (1) SCR 3.130–1.1, failing to provide "competent representation" to his client; (2) SCR 3.130–1.3, failing to act with "reasonable diligence and promptness in representing a client"; (3) SCR 3.130–1.4(b), failing to "explain a matter to the extent reasonably necessary to permit a client to make informed decisions regarding the representation"; (4) SCR 3.130–3.2, failing to "make reasonable efforts to expedite litigation consistent with the interests of the client"; and (5) SCR 3.130–8.3(c), "engag[ing] in conduct involving dishonesty, fraud, deceit, or misrepresentation."

Having found no reason to disagree with the sanction negotiated by the parties, Movant's motion for consensual discipline is granted.

ACCORDINGLY, IT IS HEREBY ORDERED:

That Movant is suspended from the practice of law in Kentucky for a period of thirty days pursuant to SCR 3.380. Said suspension shall expire by its own terms subject to the provisions of SCR 3.510(2). In accordance with SCR 3.450, Movant is directed to pay the costs of this action in the amount of $42.50, for which execution may issue from this Court upon finality of this Opinion and Order.

All concur.

ENTERED: September 21, 2006.

/s/ Joseph E. Lambert

Chief Justice

Restaurants, Inc. At the time of the complaint, Fire Mountain was listed as an active Delaware Corporation in good standing. The agent for service of process for both corporations was CT Corporation Systems in Louisville, Kentucky. Rather than serving the complaint on the registered agent of Ryan's Family Steakhouses East, Inc. and Fire Mountain Restaurants, Inc., Movant states that he erroneously served the complaint via certified mail on the Ryan's Steakhouse location where his client was injured.