Timothy A. **PARKER**, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2012–SC–000778–KB.

Supreme Court of Kentucky.

Feb. 21, 2013.

---

### OPINION AND ORDER

Timothy A. Parker, whose KBA member number is 81960 and whose last known bar roster address is 15 N. Hall Alley, P.O. Box 927, Prestonsburg, Kentucky 41653, was admitted to the practice of law in the Commonwealth of Kentucky on April 24, 1987. Parker moves this Court to issue a public reprimand with conditions for his admitted violation of Supreme Court Rules (SCR) 3.130–1.3 (by failing to diligently provide the agreed-upon legal services after he was paid by a client), 3.130–1.4(a)(4) (by failing to comply with client's reasonable requests for information), 3.130–1.15(a) (by failing to deposit the advance fee payment paid by his client into an escrow account until earned), and 3.130–1.16(d) (by failing to refund the unearned portion of the advance fee payment upon termination of representation). The Kentucky Bar Association (KBA) has no objection to this sanction, which was negotiated pursuant to SCR 3.480(2). Finding a public reprimand to be appropriate discipline for his misconduct, we grant Parker's motion.

On October 30, 2009, Elizabeth Meade McCracken and her husband, James McCracken, paid Parker $500.00 to represent them in a debt collection matter brought by Wells Fargo Financial Kentucky, Inc., (Wells Fargo), in Floyd Circuit Court. At the time that Parker was retained, Ms. McCracken had already filed a *pro se* response to the complaint. Over the course of thirteen months, Ms. McCracken received no updates or notifications regarding the status of her case. Instead, Parker frequently advised her that he had sent Wells Fargo a "letter" and was waiting for a response. On November 6, 2010, Ms. McCracken received notice of a motion for summary judgment in her case that was to be argued on December 3, 2010. Two days later, Ms. McCracken spoke with Parker, who claimed to have not received the notice. He asked that the motion be faxed to his office for review, and Ms. McCracken com-

plied. Attempts to contact Parker personally on November 15, 16, and 18 were unsuccessful. On November 26, 2010, Ms. McCracken hired a different attorney to handle the matter.

The Inquiry Commission charged that Parker violated SCR 3.130–1.3 by failing to diligently provide the agreed-upon legal services after he was paid by his client; SCR 3.130–1.4(a)(4) by failing to comply with his client's reasonable requests for information regarding the status of her civil case; SCR 3.130–1.15(a) by failing to deposit the advance fee payment paid by his client into his escrow account until earned; and SCR 3.130–1.16(d) by failing to refund the unearned portion of the advance fee payment upon the termination of the representation.

In his current motion, Parker admits to the above violations, and pursuant to SCR 3.480(2), has negotiated a sanction with Bar Counsel for a public reprimand and thirty-day suspension probated on the conditions that he repay the $500.00 to his client, attend the Ethics and Professionalism Enhancement Program (EPEP), pass the test at the conclusion of the EPEP, provide a waiver and release of his confidential CLE Department records to the Office of Bar Counsel, and have no further violations for one year. Despite three prior private admonitions against Parker for similar conduct, the KBA has stated no objections to the proposed discipline. In support of the motion, the KBA cites *Riley v. Kentucky Bar Association,* 262 S.W.3d 203 (Ky.2008), *Kentucky Bar Association v. Quesinberry,* 203 S.W.3d 137 (Ky.2006), and *Kaplan v. Kentucky Bar Association,* 201 S.W.3d 494 (Ky.2006), as similar cases with similar outcomes.

Under SCR 3.480(2), this Court may approve the negotiated discipline or remand the case for a hearing or other proceeding. After reviewing the record and the applicable law, the Court finds a public reprimand is an appropriate punishment for Parker's misconduct. We have faced similar misconduct in *Lutes v. Kentucky Bar Association,* 338 S.W.3d 278 (Ky.2011), wherein this Court approved a negotiated sanction imposing a public reprimand and probated suspension when an attorney, among other violations, failed to communicate with his clients and failed to return an unearned fee upon termination of representation. Like Parker, the disciplined attorney in *Lutes* had received a prior private reprimand for similar misconduct.

Accordingly, the Court finds the proposed consensual discipline to be appropriate and declines further review. SCR 3.480(2).

Therefore, it is hereby ORDERED:

1. Timothy A. Parker, KBA Member Number 81960, is publicly reprimanded for his violation of SCR 3.130–1.3, SCR 3.130–1.4(a)(4), SCR 3.130–1.15(a), SCR 3.130–1.16(d);

2. Parker is directed to refund $500.00 to his client, Ms. Elizabeth Meade McCracken, within thirty (30) days after the issuance of this Order;

3. Parker will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any continuing legal education requirement, within twelve (12) months after the issuance of this Order. Parker must also pass the test given at the end of the program;

4. Parker will not apply for Continuing Legal Education (CLE) credit of any kind for his participation in the EPEP program;

5. Parker will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department

that might otherwise be confidential, such release to continue in effect until after he completes his remedial education;

6. Parker will not receive any new charges of unethical conduct from the Inquiry Commission for one (1) year after issuance of this Order;

7. Pursuant to SCR 3.450, Parker is directed to pay all costs associated with these disciplinary proceedings, in the amount of $435.24, for which execution may issue from this Court upon finality of this Opinion and Order;

8. If Parker fails to comply with any of the terms of discipline set forth herein, the public reprimand shall become a thirty (30) day suspension upon application of the Office of Bar Counsel to the Court.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT, and VENTERS, JJ., sitting. All concur.

ENTERED: February 21, 2013.

/s/ John D. Minton, Jr.
    Chief Justice