**KENTUCKY BAR ASSOCIATION, Movant**

v.

**William Lester LEGG, Respondent**

**2017-SC-000520-KB**

Supreme Court of Kentucky.

ENTERED: February 15, 2018

## OPINION AND ORDER

Respondent, William Lester Legg, was licensed to practice law in the Commonwealth of Kentucky on June 4, 1979. His current bar roster address is 459 Chinook Trail, Frankfort, Kentucky, 40601, and his Kentucky Bar Association (KBA) Member Number is 40810. As a result of the bar complaint and charges discussed below, the KBA Board of Governors recommended Legg be found guilty of violating three ethical rules and publicly reprimanded. However, KBA's Office of Bar Counsel filed a notice of review, arguing to this Court that the sanction recommended by the Board was inadequate. Bar Counsel asks that we suspend Legg from the practice of law for thirty days, require him to repay his client, and pay the costs of this proceeding. While we disagree with Bar Counsel as to the suspension, we agree that Legg should repay his client. Therefore, we publicly reprimand Legg, order him to repay his client to the extent he has not already done so, and require him to pay the costs of these disciplinary proceedings.

## I. BACKGROUND

Both parties to this action agree with the Board's findings of fact. Cathryn Grimes hired Legg to represent her regarding two estates to which she was named as the personal representative. Legg billed Grimes $1,500, and Grimes paid Legg that amount. Legg did not file any necessary pleadings regarding the estates and waited weeks before responding to emails and phone calls regarding the case—and failed to respond at all to other phone calls and attempted visits. After enduring months of this troubling lack of communication, Grimes filed a bar complaint.

The complaint was sent to Legg's bar roster address by certified mail and, when that failed, the Franklin County Sheriff's Office also unsuccessfully attempted service. Legg was ultimately served with the bar complaint pursuant to SCR 3.175(2) via service on the KBA Director. Legg did not respond to the complaint.

Based on the complaint, the KBA Inquiry Commission issued a three-count charge against Legg, asserting that he had violated SCR 3.130-3.4(c) (disobedience to obligation under the rules of a tribunal), SCR 3.130-1.3 (diligence), and SCR 3.130-

1.4(a)(4) (communication). The charge was sent to Legg via certified mail, which was unclaimed and returned to the KBA. As with the complaint, the Franklin County Sheriff's Office unsuccessfully attempted to serve Legg with the complaint. He was ultimately served through the KBA Director. Legg failed to file a timely response and the matter was submitted to the Board for its consideration. Legg did enter an untimely response, but did not file a motion for permission to file the late pleading, even after the KBA sent him a letter explaining he needed to do so if his response was to be considered.

■ The Board found Legg guilty of the three charged counts, by a vote of 17-0. In determining the appropriate sanction, the Board considered the fact that Legg had previously received two private admonitions—the latest just a few months before the current charge. Ultimately, thirteen members of the Board voted to recommend that Legg be publicly reprimanded and required to pay the costs of this disciplinary proceedings.

Neither party contests the validity of the counts against Legg; the sole dispute concerns the sanctions warranted by the violations. The Board of Governors overwhelmingly agreed on a sanction in this case. We see no reason to upset that recommendation other than to order Legg to repay Grimes $1,500 for unearned legal fees

## II. ORDER

Therefore, it is ordered:

1. Legg is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and thus publicly reprimanded; and

2. Legg is ordered to repay $1,500 to Grimes for unearned legal fees, to the extent that he has not already done so; and

3. In accordance with SCR 3.450, Legg is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $547.47, for which execution may issue from this Court upon finality of this Opinion and Order.

/s/ John D. Minton Jr.

CHIEF JUSTICE

All sitting.

All concur.