Kenneth W. Humphries, Kentucky Bar Association (KBA) Number 34630, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1980, and his bar roster address is 110 E. 9th St., P.O. Box 74, Hopkinsville, Kentucky, 42241. The Trial Commissioner recommends this Court find Humphries guilty of violating SCR 3.130 -1.4(a)(4), SCR 3.130 -1.15(a), SCR 3.130 -1.15(e), and SCR 3.130 -1.16(d). For these violations, the Trial Commissioner recommends Humphries be publicly reprimanded and ordered to repay fees to a client and successfully complete the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel; if Humphries fails to comply with the conditions of the public reprimand, the Trial Commissioner recommends that we suspend him from the practice of law for thirty days. For the following reasons, we adopt the Trial Commissioner's recommendation.
I. BACKGROUND
Ali Rekkbie hired an attorney to aid in a lawsuit against Rekkbie's former business partner. Since the first attorney Rekkbie hired had little litigation experience, she contacted Humphries to help her draft Rekkbie's complaint. Humphries aided Rekkbie's first attorney, and, after a month, she recommended that Rekkbie hire Humphries as "co-counsel at trial." Humphries agreed to take on Rekkbie's representation in that capacity, but the scope of his involvement in the case was never reduced to writing.
Humphries sent Rekkbie a retainer agreement, explaining that Rekkbie would need to pay Humphries an advance fee of $2000 and that amount would be deducted from work performed by Humphries and his legal assistants, at their corresponding hourly rates. The rate schedule referenced in the retainer agreement was not, however, included. While Humphries had informed Rekkbie that he charged a rate of $200 per hour, there was no discussion about the hourly rate charged by Humphries's legal assistants. When Rekkbie called to inquire about the missing document, he was told it was irrelevant to his representation. Rekkbie signed the retainer agreement and wired Humphries $2000.
For approximately six months, Humphries and his staff worked on Rekkbie's case-mostly reviewing documents and emails. Humphries never sent Rekkbie a billing statement. After failed attempts to schedule a conference call between Humphries, Rekkbie, and Rekkbie's other counsel, and after Humphries failed to attend a deposition, Rekkbie requested an itemized billing statement and a refund. More than a month later, Humphries had failed to return Rekkbie's phone calls or provide the statement. At that point, Rekkbie emailed Humphries, again asking for an itemized billing statement and a refund. Humphries responded to the email, indicating that he would provide the statement the following day, but that Rekkbie was not entitled to a refund. Humphries also told Rekkbie that he would file a motion to *27 withdraw from Rekkbie's case. Humphries did neither.
Over the course of the next three months, Rekkbie requested the statement and refund five more times. Humphries's staff corresponded with Rekkbie, but he was never sent the statement or refund-nor did Humphries withdraw from Rekkbie's case. Rekkbie filed a bar complaint after his final attempt at obtaining a billing statement and refund failed.
The KBA finally obtained a billing statement from Humphries, showing both work by him and his office staff.[1] The statement showed that the work done in Rekkbie's case exceeded the $2,000 retainer. The KBA Inquiry Commission issued a five-count charge against Humphries for the above-described conduct.
II. TRIAL COMMISSIONER'S FINDINGS AND RECOMMENDATION
The Trial Commissioner considered the five-count charge against Humphries. The charge first alleged Humphries violated SCR 3.130 -1.2 (abiding by client's decisions concerning objectives of representation). However, the KBA admitted it did not produce sufficient evidence that Humphries violated this rule.
The second count charged Humphries with violating SCR 3.130 -1.4(a)(4), which requires a lawyer to "promptly comply with reasonable requests for information." Humphries admitted to violating this rule.
The third count charged Humphries with violating SCR 3.130 -1.5(a), which forbids lawyers from charging or collecting unreasonable fees. The Trial Commissioner found Humphries guilty of this charge, as his agreement with Rekkbie did not disclose the rate at which services performed by Humphries's staff would be billed.
The fourth count charged Humphries with violating SCR 3.130 -1.15(e), which requires lawyers to place advance fees in a client trust account and to withdraw amounts only as fees are earned. Humphries admitted to violating this rule by failing to deposit Rekkbie's retainer in an escrow account until earned.
Finally, Humphries was charged with violating SCR 3.130 -1.16(d), which requires lawyers to protect their clients' interests. While the Trial Commissioner believed Humphries's and his staffs efforts in Rekkbie's case exceeded the $2,000 retainer, the Trial Commissioner nonetheless found Humphries violated this rule by not protecting Rekkbie's interests by returning the portion of the fee for which no hourly rate was provided in the retainer agreement. Therefore, the Trial Commissioner found Humphries had violated the rule, and recommended that he be ordered to repay that portion of the fee to Rekkbie, which amounted to $480. In the alternative, the Trial Commissioner also found that Humphries's failure to withdraw from Rekkbie's case also violated this rule.
For these violations, the Trial Commissioner recommends that this Court publicly reprimand Humphries and suspend him from the practice of law for thirty days, with that suspension probated so long as he repays Rekkbie $480 as a refund of the unearned portion of Rekkbie's advance payment and successfully completes an EPEP course.
III. ADOPTION OF BOARD'S RECOMMENDATION
This case came to the Court pursuant to SCR 3.360(4). Under that rule, after the *28 Trial Commissioner files the report with the Disciplinary Clerk, either Bar Counsel or the Respondent may file a notice of appeal. When no notice of appeal was filed by either party, the record was forwarded to the Court for entry of a final order. We now have two options: 1) under SCR 3.370(8), we may inform Bar Counsel and Respondent that we will review the decision and thus order them to file briefs; or 2) under SCR 3.370(9), we may enter an order adopting the Trial Commissioner's decision. As we agree with the Trial Commissioner's findings and its determination of discipline, we adopt the Trial Commissioner's decision pursuant to SCR 3.370(9).
Our precedent supports the recommended sanction. For example, in Parker v. Kentucky Bar Ass'n, 390 S.W.3d 792 (Ky. 2013), we ordered a comparable sanction to Parker who had failed to respond to his client's reasonable requests for information, failed to deposit fees in the proper account, and failed to refund unearned portions of the fee upon termination. In support of this sanction, we also point out that Humphries has previously received three private admonitions.
Agreeing that the Board's recommended sanction is appropriate, it is ORDERED that:
1. Kenneth W. Humphries, is publicly reprimanded for his violation of SCR 3.130 -1.4(a)(4), SCR 3.130 -1.15(a), SCR 3.130 -1.15(e), and SCR 3.130 -1.16(d);
2. Humphries is directed to refund $480.00 to his client, Ali Rekkbie, within thirty (30) days after the issuance of this Order;
3. Humphries will attend, at his expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from his fulfillment of any continuing legal education requirement, within twelve months after the issuance of this Order; Humphries must pass the test given at the end of the program;
4. Humphries will not apply for Continuing Legal Education (CLE) credit of any kind for his participation in the EPEP program;
5. Humphries will furnish a release and waiver to the Office of Bar Counsel to review his records of the CLE Department that might otherwise be confidential, such release to continue in effect until after he completes his remedial education;
6. Pursuant to SCR 3.450, Humphries is directed to pay all costs associated with these disciplinary proceedings, in the amount of $2,136.20, for which execution may issue from this Court upon finality of this Opinion and Order;
7. If Humphries fails to comply with any of the terms of discipline set forth herein, the public reprimand shall become a thirty-day suspension upon application of the Office of Bar Counsel to the Court.
/s/ John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.

This statement was actually the third Humphries provided to the KBA. The first two contained entries for time spent on Rekkbie's case after Humphries's termination. He blamed these errors on his time entry system.