Movant, Bethany L. Stanziano-Sparks, was admitted to practice law in the Commonwealth of Kentucky on May 1, 2006. Her Kentucky Bar Association ("KBA") member number is 91179 and her bar roster address is 414 Public Square, Columbia, Kentucky, 42728. Pursuant to SCR 3.480(2), she moves this Court to enter a negotiated sanction imposing a public reprimand with conditions that she successfully complete the next Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel and return $2,581.00 to her client in three equal installments of $860.33 paid monthly over a 90-day period. The KBA has no objection. Finding this sanction to be the appropriate discipline for her misconduct, we grant Stanziano-Sparks's motion.
I. BACKGROUND
Daniel Lay met with Stanziano-Sparks to discuss one of the two district court child custody cases in which he was involved. Lay was interested in appealing an adjudication and disposition order in one of the two cases. Stanziano-Sparks quoted a fee of $4,500.00 to Lay for representation in the custody case. Lay paid Stanziano-Sparks a $2,500.00 deposit which she placed into her operating account. Later, Stanziano-Sparks discovered Lay had provided her with the wrong juvenile custody case number and called the court clerk.
Stanziano-Sparks filed a formal entry of appearance and a motion for continuance of a hearing scheduled for the next day, stating that she would be out of state. Lay was informed that he and his wife did not need to attend the hearing because it had been continued. The entry of appearance and the motion for continuance were file stamped three days after the hearing had occurred.
Lay made numerous attempts to contact Stanziano-Sparks, by both calling and going to her office. Stanziano-Sparks failed to inform Lay of the status of his case despite these attempts. Further, Stanziano-Sparks failed to file the notice of appeal by the deadline. Lay filed a small claims court action against Stanziano-Sparks and obtained a default judgment against her for the $2,500.00 fee plus the $81.00 filing fee. Stanziano-Sparks has yet to pay Lay pursuant to this judgment.
The Inquiry Commission filed a four-count charge against Stanziano-Sparks. The four counts allege that Stanziano-Sparks *508 violated: SCR 1.130(1.3) by failing to timely obtain the proper court record, to timely file and follow up on the motion for continuance, and to file the notice of appeal; SCR 1.130(1.4)(a) by failing to keep Lay informed of the status of his case and not complying with his requests for information; SCR 1.130(1.15) by depositing Lay's fee into her operating account instead of a trust account until she earned the money; and SCR 1.130(1.16)(d) by not refunding the unearned fee to Lay when her representation ended. Stanziano-Sparks has admitted to each of the four rule violations.
II. ANALYSIS
In agreeing to the negotiated sanction, the KBA cited four cases, Kentucky Bar Ass'n v. Legg, 537 S.W.3d 819 (Ky. 2018), Bennett v. Kentucky Bar Ass'n, 526 S.W.3d 87 (Ky. 2017), Parker v. Kentucky Bar Ass'n, 390 S.W.3d 792 (Ky. 2013) and Moloney v. Kentucky Bar Ass'n, 152 S.W.3d 866 (Ky. 2005).
In Legg, the attorney did not file any pleadings and lacked sufficient communication with his client. 537 S.W.3d 819. This Court imposed a sanction of a public reprimand and ordered him to refund his attorney fee. Id. In Bennett, the attorney failed to refund fees to his client. 526 S.W.3d 87. This Court ordered him to repay his client and imposed a public reprimand. Id. In Parker, the attorney did not deposit the attorney's fees in his escrow account and did not update his clients on the status of their case. 390 S.W.3d 792. In that case, this Court sanctioned Parker with a public reprimand and a 30-day suspension probated on the condition that he refund the clients and attend Ethics and Professionalism Enhancement Program. Id. In Moloney, the attorney failed to properly perfect a notice of appeal and respond to subsequent show cause orders. 152 S.W.3d 866. For those violations, this Court imposed the sanction of a public reprimand. Id.
In review of this Court's precedent, we agree with the terms of the parties' negotiated sanction.
III. ORDER
Agreeing that the negotiated sanction is appropriate, it is ORDERED that:
1. Stanziano-Sparks is found guilty of the above-described and admitted violations of the Rules of Professional Conduct and thus publicly reprimanded on the condition that she comply with the other terms specified in this opinion and order; and
2. Stanziano-Sparks is ordered to repay $2,500.00 to Lay for unearned legal fees, which she will pay in three equal monthly installments of $860.33, with the first payment due thirty days from the date of this opinion and order; and
3. Stanziano-Sparks is ordered to attend, at her expense, the next scheduled Ethics and Professionalism Enhancement Program (EPEP) offered by the Office of Bar Counsel, separate and apart from her fulfillment of any continuing legal education (CLE) requirement, within twelve months after the issuance of this Order; Stanziano-Sparks must pass the test given at the end of the program and will not apply for CLE credit of any kind for her participation in the EPEP program; and Stanziano-Sparks will furnish a release and waiver to the Office of Bar Counsel to review her records of the CLE Department that might otherwise be confidential, such release to continue in effect until after she completes her remedial education; and
4. In accordance with SCR 3.450, Stanziano-Sparks is directed to pay all costs associated with these disciplinary proceedings against her, said sum being $58.76, for which execution may issue from this Court upon finality of this Opinion and Order.
*509 John D. Minton Jr.
CHIEF JUSTICE
All sitting.
All concur.