TO BE PUBLISHED

# Supreme Court of Kentucky

2024-SC-0551-KB

IN RE: WALTER BEDFORD, JR.

IN SUPREME COURT

## OPINION AND ORDER

Walter Bedford Jr. moves this Court to enter a negotiated sanction pursuant to Supreme Court Rule (SCR) 3.480(2) to resolve a pending disciplinary proceeding against him. The Kentucky Bar Association (KBA) has no objection. After consideration, we conclude that the proposed sanction is adequate. We note preliminarily that Bedford, KBA Member Number 04250, was admitted to the practice of law on October 1, 1974. His bar roster address is 1801 William E Summers III Court, Louisville, KY 40211.

## BACKGROUND

In May 2016, Bedford prepared a will for Clara Howard Jackson. According to the will, Bedford was to be appointed executor of her estate, and the sole beneficiary was her niece, Margaret Hayes, a friend of Bedford's wife. When Jackson died on December 30, 2019, she had over $7,000 in her checking account. Nevertheless, Hayes personally paid for her aunt's funeral totaling $3,000 without reimbursement.

On July 14, 2020, Bedford texted Hayes that the proceeds of Jackson's bank account would be deposited into a probate account and distributed to

her, but that never occurred. Bedford signed the probate petition on July 20, 2020, but did not file it with the Fayette District Court until March 9, 2021. Additionally, Bedford missed the first two scheduled court dates on March 25, 2021 and June 28, 2021. In fact, Bedford only made one court appearance on behalf of the estate on July 12, 2021, and was appointed as executor at that time. After the court appointed him as the estate's executor, Bedford informed Hayes that he would be able to set up the probate account and "move matters along."

Over the next several months, Bedford wrote four checks from Jackson's account: (1) a check written to himself in the amount of $3,500 with a memo noting it was for "Retainer Atty./exec. Current fee and cost advance;" (2) a check to the Fayette County Sheriff's Office on December 30, 2021, in the amount of $1,385.50, to pay the property tax on the estate's real property; (3) a check written to himself, in the amount of $2,500, with a memo noting it was for "balance 1/2 20% fee (illegible)/Jackson estate (illegible) waived Exec. Fee;" and (4) a check written to himself, in the amount of $250, with a memo noting it was for "Atty (illegible) Request Dec. checks." Bank statements from Jackson's account show her balance decreased from $7,771.38 to $172.31 during this time period.

Because Bedford never filed an inventory or settlement in the estate, a show cause order was issued but returned to sender as undeliverable. The order was not sent to Bedford's KBA roster address, despite that address being included on the probate petition he filed.

2

In November 2022, Hayes had to pay the property taxes for the estate after asking Bedford for a copy of the tax bill. Since three years had passed without her aunt's estate being settled, Hayes hired an attorney to facilitate the conclusion of the probate process. Her attorney filed a motion on February 1, 2023 asking that Bedford be removed as the executor of the estate. That motion was granted on March 15, 2023, and again the court sent the order to the wrong address. Bedford never produced any documentation regarding the estate's assets or his expenditures.

Hayes filed a bar complaint against Beford on September 7, 2023. The Inquiry Commission issued a three-count Charge against Bedford. Count I alleges violation of SCR 3.130(1.3) for failure to act with diligence and promptness in handling the estate matter. Bedford admits that his actions violated this rule. Count II alleges violation of SCR 3.130(1.15)(a) for failing to safekeep the estate property. Bedford admits that sufficient proof exists to allow the Court to find he violated this rule by writing himself checks from Jackson's estate for unearned fees, although Bedford states that at the time he believed he was properly compensating himself for prior legal work performed in drafting the will and in anticipation of completing the settlement of the Jackson estate. Count III alleges violation of SCR 3.130(1.16)(d) for failing to return the estate funds after being removed as executor. Bedford admits that his actions violated this rule.

On September 19, 2024, Bedford submitted a request to the KBA to be placed on Honorary Membership Inactive Status, expressing his intent to retire.

On December 10, 2024, Bedford filed a motion for a negotiated sanction with this Court, proposing that he be publicly reprimanded for his conduct and ordered to repay the unearned fee to the estate. The KBA has no objection.

## ANALYSIS

The negotiated sanction rule provides that "[t]he Court may consider negotiated sanctions of disciplinary investigations, complaints or charges" if the parties agree. SCR 3.480(2). Upon receiving a motion under this Rule, "[t]he Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand." *Id.* Thus, acceptance of the proposed negotiated sanction falls within the discretion of this Court.

Case law supports the imposition of the sanction Bedford proposes. In *Stanziano-Sparks v. Kentucky Bar Association,* 552 S.W.3d 507, 508 (Ky. 2018), the Court issued a public reprimand of an attorney for violations of SCR 3.130(1.3) (diligence), SCR 3.130(1.4)(a) (communication), SCR 3.130(1.15) (safekeeping of property), and SCR 3.130(1.16)(d) (termination). Stanziano-Sparks improperly placed unearned fees in her operating account, failed to attend a scheduled court appearance or timely file a notice of appeal, and did not return unearned fees to her former client. *Id.* at 507. In addition to a public reprimand, she was ordered to repay the unearned legal fees. *Id.* at 508. Like Stanziano-Sparks, Bedford collected unearned fees and failed to attend scheduled court dates.

4

The Court also issued a public reprimand in *Kentucky Bar Association v. Legg,* 537 S.W.3d 819 (Ky. 2018). Legg was retained to represent a client regarding two estates to which she was named as the personal representative. *Id.* at 820. But Legg did not file any pleadings and lacked sufficient communication with his client. *Id.* He was charged with three ethical violations, including lack of diligence, and the Court issued a public reprimand and ordered Legg to repay his client the legal fees he collected. *Id.* at 820-21. Similarly, the Court issued a public reprimand in *Kentucky Bar Association v. Edwards,* 123 S.W.3d 912 (Ky. 2004), after an attorney failed to serve a defendant, failed to secure his client's attendance at a deposition, failed to respond to a motion for summary judgment, and failed to notify his client of the adverse outcome in time for an appeal. These cases involved a lack of diligence and insufficient representation of clients, similar to Bedford's case.

In *Kentucky Bar Association v. Bubenzer,* 145 S.W.3d 842, 842-43 (Ky. 2004), an attorney was given a public reprimand and ordered to repay money to his former client after violating SCR 3.130(1.15)(a) and SCR 3.130(1.16)(d). Bubenzer deposited his unearned retainer into his operating account and failed to refund the money when his client terminated representation. *Id.* at 842. Bedford paid himself out of Jackson's estate account and failed to perform the work needed to complete the probate process. When Hayes successfully petitioned to remove him as executor, he did not refund the unearned fees. Bedford also committed additional misconduct by missing scheduled court hearings and neglecting to file the proper probate pleadings.

The KBA notes that Bedford has substantial experience in practicing law and was charged with multiple offenses, which constitute aggravating factors. In proposing the negotiated sanction, Bedford explained that from 2016 to 2018, he cared for his wife during her terminal battle with cancer. His caregiving responsibilities, coupled with his own physical infirmities, led him to close his office and move his files to a bedroom in his family home. The eventual loss of his wife led to depression and anxiety, and he sought medical treatment for his conditions. He expresses sincere remorse for his actions in handling the probate matter. Additionally, in mitigation, Bedford asserts there was a lack of dishonest or selfish motive, personal problems, full disclosure and cooperation with the disciplinary board, and a lack of prior disciplinary history.

Bedford has practiced law in the Commonwealth for forty-nine years and has no prior discipline. This, coupled with the caselaw, his candid explanation of life stressors, and remorse, lead us to conclude that a public reprimand and repayment of the unearned fee is an appropriate sanction.

## CONCLUSION

After consideration of the disciplinary record, we find that the proposed public reprimand and repayment of the unearned fee within one year is appropriate.

6

ACCORDINGLY, IT IS HEREBY ORDERED THAT:

1. Walter Bedford Jr., KBA Member Number 04250, is hereby publicly reprimanded for the above-described violations of SCR 3.130(1.3), SCR 3.130(1.15)(a), and SCR 3.130(1.16)(d).

2. Bedford shall repay $5,979.00 to the Estate of Clara Howard Jackson within one year of the date of entry of this Order.

3. In accordance with SCR 3.450, Bedford is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $220.90, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting.  All concur.

ENTERED: February 20, 2025

_____
CHIEF JUSTICE LAMBERT