Charles David KEEN, KBA Member No. 84885, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2012–SC–000648–KB.

Supreme Court of Kentucky.

Nov. 21, 2012.

*OPINION AND ORDER*

Movant, Charles David Keen,[1] moves this Court, pursuant to SCR 3.480(2), to

enter an Order resolving the pending disciplinary proceedings against him by imposing a public reprimand with conditions. The Kentucky Bar Association ("KBA") has no objection. Upon review of the record, the motion is granted.

### File No. 19167

Keen was hired by Amanda Dickenson in October of 2009 to represent her in a child custody matter. She paid Keen $2,000 at the initiation of the representation. Keen's office manager placed this fee in the operating account rather than in an escrow account.

Keen discussed the custody matter with Dickenson on the telephone, indicating that he would file pleadings on her behalf in early 2010. However, he failed to actually file any pleadings. Dickenson attempted to contact Keen on numerous occasions, to no avail.

A complaint was filed and the Office of Bar Counsel contacted Keen by letter requesting a statement of the services he provided, copies of any documents prepared on Dickenson's behalf, and bank records reflecting deposit of the advance fee payment. Through a series of e-mails, Keen asked for several extensions of time to furnish the requested documents. Eventually, he stopped responding to the Office of Bar Counsel's letters and never provided the requested documents.

■ The Inquiry Commission charged Keen with violations of SCR 3.130–1.3 (failure to diligently represent his client); SCR 3.130–1.4(a)(4) (failure to respond to requests for information from his client); SCR 3.130–1.15(a) (failure to deposit the client's advance fee in an escrow account);

and SCR 3.130–8.1(b) (failure to respond to a request for information from the disciplinary authority).

### File No. 19659

Ms. Eun Jeong Pyo paid Keen $500 to represent her in an action to modify child support payments. This money was deposited into Keen's operating account. Thereafter, Ms. Pyo attempted to contact Keen on numerous occasions regarding the status of her case and received no response.

After a bar complaint was filed, Keen completed the representation and an agreed order modifying child support was entered. However, because of the untimely manner in which Keen addressed the matter, Ms. Pyo ultimately paid more child support than if the matter had been promptly handled. Further, she was inconvenienced because she was not permitted to leave the country as a result of unpaid child support.

■ The Inquiry Commission charged Keen with violations of SCR 3.130–1.3 (failure to diligently represent a client); SCR 3.130–1.4(a)(4) (failure to properly respond to his client's requests for information); and SCR 3.130–1.15(a) (failure to deposit the client's advance fee into an escrow account).

### Discussion

■ Keen admits he is guilty of violating the Rules of Professional Conduct as charged by the Inquiry Commission in File Numbers 19167 and 19659. He has agreed to the imposition of a public reprimand with the conditions that he attend the Ethics and Professionalism Enhancement Program and that he not receive any further

---

1.  Movant's bar roster address is 316 E.10th Avenue, P.O. Box 566, Bowling Green, KY 42102.

disciplinary charges for one year. The KBA has no objection and this Court believes that the sanction is adequate. SCR 3.480(2). The Court hereby approves the negotiated sanction and declines further review of the matter.

Accordingly, it is hereby ORDERED that:

(1) Charles David Keen, KBA Member No. 84885, is found guilty of having violated the Rules of Professional Conduct as herein described and is publicly reprimanded for those violations.

(2) Keen must attend and successfully complete the next available Ethics and Professional Enhancement Program to be offered by the Office of Bar Counsel. Keen shall not apply for CLE credit of any kind for his attendance at the Ethics and Professional Enhancement Program, and he is required to furnish a release and waiver to the Office of Bar Counsel to review his records in the CLE department that might otherwise be confidential. Such release shall continue in effect for one year after completion of the remedial education in order to allow the Office of Bar Counsel to verify that Keen does not report any hours to the CLE Commission that are taken as remedial education.

(3) If Keen has not already returned any unearned portion of the fees he received from Amanda Dickenson or Eun Jeong Pyo, he shall do so within sixty (60) days of the date of this Order.

(4) If Keen fails to comply with any of the terms of discipline set forth herein, or if Keen receives any further disciplinary charges within one year of the date of this Order, the Office of Bar Counsel may move the Court to convert the public reprimand to a thirty (30) day suspension.

(5) In accordance with SCR 3.140, Keen is directed to pay all costs associated with these disciplinary proceedings against him, said sum being $114.00, for which execution may issue from this Court upon finality of this Opinion and Order.

MINTON, C.J.; ABRAMSON, CUNNINGHAM, NOBLE, SCOTT and VENTERS, JJ., concur. SCHRODER, J., not sitting.

ENTERED: November 21, 2012.

/s/ <u>John D. Minton, Jr.</u>
Chief Justice