William David RYE, Movant

v.

KENTUCKY BAR ASSOCIATION, Respondent.

No. 2013–SC–000646–KB.

Supreme Court of Kentucky.

Nov. 21, 2013.

## OPINION AND ORDER

Movant, William David Rye, KBA Number 88550, moves this Court, pursuant to SCR 3.480(2), to impose the sanction of a public reprimand subject to certain conditions for his admitted violations of SCR 3.130–1.3 (reasonable diligence and promptness), SCR 3.130–1.4(a)(3) (client shall be kept reasonably informed), and SCR 3.130–8.1(b) (failure to respond to demand for information from a disciplinary authority). Movant maintains a bar roster address of P.O. Box 1039, Hopkinsville, Kentucky 42241. Finding the sanction of a public reprimand subject to certain conditions appropriate for Movant's actions, we grant his motion.

This matter stems from Rye's appointment as Guardian Ad Litem for a prisoner, Philip Knee, in a custody and visitation matter.[1] Rye failed to appear at a scheduled hearing on August 26, 2010. Upon receiving a Show Cause Order, Rye timely filed a response stating that he did not receive notification of the hearing. However, the court records show that Rye was on the list of counsel and was sent notification. Rye failed to communicate with Knee after this hearing. Further, on November 30, 2011, the Commonwealth moved the court to hold the issue of insurance for the child in abeyance due to Knee's incarceration. Rye failed to file a response to this motion and did not inform Knee about the motion. Knee had already filed a bar complaint against Rye on November. 17, 2011. The Office of Bar Counsel requested that Rye provide information about his last communication with Knee and the actions he has taken to move Knee's case forward. Rye did not respond to this request.

The Inquiry Commission charged Rye with allegedly violating SCR 3.130–1.3 due to his failure to stay apprised of the status of Knee's case and his failure to act on Knee's behalf; SCR 3.130–1.4(a)(3) due to his failure to inform Knee of the status of his case and respond to Knee's requests for information; and SCR 3.130–8.1(b) due

---

1. The style of the case was *James E. Menser, et al. v. Janice M. Cotton and Philip Knee*, Caldwell Circuit Court Case No. 09–CI–00184.

to his failure to respond to the Office of Bar Counsel's request for information. Rye admits that his conduct in this matter violated these rules of professional conduct.

In light of these admitted violations, Rye moves for the sanction of a public reprimand subject to certain conditions. The Kentucky Bar Association makes no objection to Rye's motion. The KBA reviewed this matter and determined that a public reprimand subject to the below conditions is appropriate discipline in this matter pursuant to *Keen v. Kentucky Bar Association*, 386 S.W.3d 737 (Ky.2012) and *Riley v. Kentucky Bar Association*, 262 S.W.3d 203 (Ky.2008).

Thus it is ORDERED that:

1) Movant, William David Rye, KBA Number 88550, is adjudged guilty of violating SCR 3.130–1.3, SCR 3.130–1.4(a)(3) and SCR 3.130–8.1(b);

2) Movant is hereby publicly reprimanded;

3) Movant is required to attend the Ethics and Professional Enhancement Program (EPEP) offered by the Office of Bar Counsel within one year of the date of this Order;

4) Movant will not register or apply for any Continuing Legal Education requirements or credits regarding his attendance at EPEP. Movant will sign a waiver and release to permit the Office of Bar Counsel to review his records maintained by the CLE Commission to verify that he has not requested or obtained such credit; and

5) In accordance with SCR 3.450, Movant is directed to pay all costs associated with these disciplinary proceedings in the amount of $177.72, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: November 21, 2013.

/s/ John D. Minton, Jr.
Chief Justice