𝕾upreme Court of Kentucky

TO BE PUBLISHED
FINAL
DATE 4-29-14 [illegible signature]

2014-SC-000093-KB

JAMES P. S. SNYDER                                                    MOVANT
KBA MEMBER NO. 66180


V.                          IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                      RESPONDENT


**OPINION AND ORDER**


Movant, James P. S. Snyder, Kentucky Bar Association ("KBA") member number 66180, whose bar roster address is 1544 Winchester Avenue, Suite 820, P.O. Box 1067, Ashland, Kentucky 41105, was admitted to the practice of law in the Commonwealth of Kentucky on October 1, 1974. Movant's law practice focused mainly on social security and bankruptcy matters.

In June of 2007, Movant was contacted by a colleague to represent Alma Energy, LLC ("Alma"), a coal mining corporation. Alma was experiencing significant financial trouble. Consequently, Movant filed a Chapter 11 Bankruptcy petition on its behalf in the United States Bankruptcy Court for the Eastern District of Kentucky. Shortly thereafter, Movant requested that the bankruptcy court approve his retainer fee in the amount of $7,961.00.

Two years later, in August of 2009, an Assistant United States Trustee deposed Movant. When questioned about the retainer he had collected for the Alma bankruptcy, Movant stated that he had deposited the funds in either his personal or operating checking accounts. Movant also explained that he had used some of the retainer to pay the filing fee for Alma's bankruptcy petition. Movant further revealed that the law firm of Prewitt and DeBourbon had provided him with two separate $5,000.00 checks to pay for Alma's legal fees and expenses. Movant did not believe payments from the third party law firm were required to be held in trust, nor did he think the payments were subject to court approval since the checks were not taken from Alma's bankruptcy estate.

Movant continued to implicate himself during the deposition. For instance, Movant testified that he had received $20,000.00 from Johnson County Gas Company for fees incurred from its own Chapter 11 bankruptcy. Movant acknowledged that he had not received approval from the court to obtain this money. Once again, Movant stated that court notice and approval was not necessary since the owner of Johnson County Gas Company paid him directly for his representation, not out of the bankruptcy estate.

Lastly, and arguably most damaging, was Movant's admission that he had not maintained a trust account for the previous five years. In fact, Movant admitted that all client funds were deposited into either his personal or operating checking accounts.

Due to Movant's above-mentioned actions, he entered into an agreed order in the United States Bankruptcy Court for the Eastern District of Kentucky. The order mandated that he return any unearned fees and disgorge fees totaling $19,400.00. In addition, the order required him to withdraw from all presently filed bankruptcy cases in which meetings of the creditors had not yet been held or confirmed plans obtained. Lastly, the order enjoined him from filing new bankruptcy petitions for not less than nine months, after which time he could seek reinstatement from the court. Movant's motion states that he is currently engaged in a limited practice of law.

On July 8, 2013, the Inquiry Commission issued a formal Charge, KBA File No. 18236, containing the following counts of disciplinary violations: Count I, Supreme Court Rule ("SCR") 3.130-1.15(a) (failure to hold client's property in a separate account); Count II, SCR 3.130-1.15(e) (failure to deposit advanced fees in a trust account); and Count III, SCR 3.130-3.4(c) (knowingly disobeying an obligation under rules of a tribunal). Movant admits to violating these three Rules of Professional Conduct.

In an effort to resolve the pending disciplinary charges, Movant and the KBA have negotiated a sanction pursuant to SCR 3.480(2). The negotiated sanction imposes a public reprimand and requires Movant to be monitored by the Kentucky Lawyers Assistance Program ("KYLAP").

Whether this Court will accept the negotiated sanction is within our sound discretion. *Anderson v. Kentucky Bar Ass'n*, 262 S.W.3d 636, 638 (Ky. 2008). In its response, the KBA contends that the recommended discipline is

3

appropriate and supported by Kentucky case law. The KBA directs us to several cases to support the proposed sanction. For example, in *Kentucky Bar Ass'n v. Schilling,* 361 S.W.3d 304 (Ky. 2012), the attorney subject to discipline was appointed as the examiner for a massive bankruptcy case. Similar to the case before us, the attorney failed to disclose fee arrangements. The attorney also made false or misleading statements to the court. He was found guilty of violating four Rules of Professional Conduct, including SCR 3.130-3.3(a); SCR 3.130-3.4(c); SCR 3.130-4.1; and SCR 3.130-8.3(c). Ultimately, this Court approved a public reprimand as the attorney's punishment. The KBA also points to several cases in which we publicly reprimanded attorneys who failed to deposit retainers into their escrow accounts. *See, e.g., Kentucky Bar Ass'n v. Bubenzer,* 145 S.W.3d 842 (Ky. 2004); *Keen v. Kentucky Bar Ass'n,* 386 S.W.3d 737 (Ky. 2012).

Furthermore, Movant has admitted to suffering from Obsessive-Compulsive Disorder ("OCD"),[1] which he claims was aggravated by the daunting workload and stress he endured during the pendency of the Alma case. Movant alleges that he was overwhelmed with legal work and had no support staff. As a result, Movant claims that he was on the verge of a nervous breakdown.

---

[1] "OCD is a type of anxiety disorder that traps people in endless cycles of repetitive thoughts and behaviors. People with OCD are plagued by recurring and distressing thoughts, fears, or images (obsessions) they cannot control." OCD-Overview, WebMD, http://www.webmd.com/anxiety-panic/tc/obsessive-compulsive-disorder-ocd-topic-overview (last visited March 27, 2014).

4

Movant states that he has been evaluated by KYLAP and now participates in the program, although the extent of his participation is unknown. Nonetheless, we will consider it a mitigating factor that Movant has admitted he suffers from OCD and has sought rehabilitative services. Additionally, this Court places great weight on the fact that Movant, in his forty years of practice, has no disciplinary history in the Commonwealth of Kentucky.

Based on previous cases imposing similar discipline for analogous misconduct, in addition to Movant's mental disorder and lack of previous disciplinary actions, this Court finds that the consensual discipline proposed by Movant and agreed to by the KBA is appropriate. Therefore, Movant's motion for a public reprimand is hereby granted.

ACCORDINGLY, IT IS ORDERED THAT:

(1) Movant, James P. S. Snyder, KBA Member No. 66180, is found guilty of violating SCR 3.130-1.15(a); SCR 3.130-1.15(e); and SCR 3.130-3.4(c).

(2) Movant is hereby publicly reprimanded for his unprofessional conduct.

(3) Movant is ordered to complete and participate in an evaluation performed by a professional of KYLAP and to fully comply with any resulting recommendations from such evaluation.

5

(4) Pursuant to SCR 3.450, Movant is directed to pay all costs associated with this disciplinary proceeding in the amount of $245.75, for which execution may issue from this Court upon finality of this Order.

All sitting. All concur.

ENTERED: April 17, 2014.

_____
CHIEF JUSTICE