Charles David **KEEN**, KBA Member No. 84885, Movant

v.

**KENTUCKY BAR ASSOCIATION,**
Respondent.

No. 2012–SC–00648–KB.

Supreme Court of Kentucky.

Sept. 18, 2014.

---

### OPINION AND ORDER

Movant, Charles David Keen, was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1993. Movant's bar roster address is 316 E. 10th Avenue, P.O. Box 566, Bowling Green, Kentucky 42102, and his Kentucky Bar Association ("KBA") member number is 84885. The KBA contends that Movant is in violation of this Court's prior disciplinary order. For the reasons set forth below, we agree with the KBA and suspend Movant from the practice of law for a period of thirty (30) days.

### KBA File 19167

In October of 2009, Amanda Dickenson hired Movant, a solo-practitioner, to represent her in a custody dispute. Ms. Dickenson paid Movant $2,000.00 in advanced fees, which he placed in his firm's operating account. In December of 2009, Movant assured Ms. Dickenson that he would file pertinent pleadings in January of 2010. Movant, however, failed to file any pleadings on Ms. Dickenson's behalf. Due to his inaction, Ms. Dickenson attempted to contact Movant on several occasions. Movant failed to return Ms. Dickenson's phone calls. As a result, Ms. Dickenson filed a bar complaint against Movant. The KBA Office of Bar Counsel ("OBC") thereafter contacted Movant and requested documents relating to Ms. Dickenson's bar complaint. After granting Movant numerous extensions, he failed to provide the OBC with the requested documents.

On September 21, 2011, the KBA Inquiry Commission issued a Charge against Movant alleging the following violations of the Rules of Professional Conduct: SCR 3.130–1.3 (failure to diligently represent his client); SCR 3.130–1.4(a)(4) (failure to promptly respond to requests for information); SCR 3.130–1.15(a) (failure to deposit the client's advance fee in an escrow account); and SCR 3.130–8.1(b) (failure to respond to a request for information from disciplinary authority).

### KBA File 19659

Eun Jeong Pyo retained Movant in September of 2010 and paid him $500.00 in advanced fees. Movant was to obtain a modification of Ms. Pyo's monthly child support order due to her oldest child reaching the age of majority. Movant deposited these funds into his firm's operating account. Ms. Pyo unsuccessfully attempted to contact Movant via telephone on numerous occasions. Consequently, in April of 2011, Ms. Pyo filed a bar complaint against Movant. Shortly thereafter, Movant obtained an agreed order modifying her child support payments. Unfortunately, Ms. Pyo ultimately paid more child support than would have been required of her due to Movant's delay. In addition, Ms. Pyo was prohibited from leaving the Country, as she desired, while her child support situation was being resolved.

On September 21, 2011, the KBA Inquiry Commission issued a Charge against Movant asserting the following violations: SCR 3.130–1.3 (failure to diligently represent his client); SCR 3.130–1.4(a)(4) (failure to promptly respond to requests for information); and SCR 3.130–1.15(a) (failure to deposit the client's advance fee in an escrow account).

### Prior Order of Discipline

KBA Files 19659 and 19167 were subsequently consolidated and Movant admitted his guilt in the disciplinary action. Movant also formulated an agreed sanction with the OBC pursuant to SCR 3.480(2). On November 21, 2012, this Court issued an order (the "Court's Order") accepting the parties' agreed sanction and imposing a public reprimand. *Keen v. Kentucky Bar Ass'n*, 386 S.W.3d 737, 739 (Ky.2012). Along with the public reprimand, this Court required Movant to attend the Ethics and Professionalism Enhancement Program, return any unearned portion of the fees he received from both clients, and refrain from receiving further disciplinary charges for one year. *Id.* The Court's Order also states that if Movant "receives any further disciplinary charges within one year of the date of th[e] Order, the [OBC] may move the Court to convert the public reprimand to a thirty (30) day suspension." *Id.* As we discuss more fully *infra*, the KBA Inquiry Commission has since issued two separate Charges against Movant for similar misconduct. For those reasons, the KBA has moved this Court to impose the thirty-day suspension.

### KBA File 21431

On November 30, 2012, a mere nine days following this Court's Order, an unrelated bar complaint was filed against Movant in KBA File No. 21431. The bar complaint resulted in a formal Charge on August 2, 2013, which consisted of the following violations of the Rules of Professional Conduct: SCR 3.130–1.3 (failure to diligently represent his client); SCR 3.130–1.4(a)(3) (failure to keep the client reasonably informed); SCR 3.130–1.4(a)(4) (failure to promptly reply to requests for information); SCR 3.130–1.16(d) (failure to promptly return an unearned fee); and SCR 3.130–3.2 (failure to expedite litigation).

Unfortunately, this Court has not been provided a copy of the bar complaint. However, based on the parties' pleadings, it appears that the bar complaint arose from Movant's representation of Bryan Carson in late 2011. Movant not only failed to file the appropriate pleadings but also failed to return Mr. Carson's phone calls. Movant's work was so deficient that Mr. Carson terminated Movant's representation and demanded a refund of his entire retainer fee. Movant failed to provide Mr. Carson with the requested funds. Therefore, this bar complaint ensued.

### KBA File 21475

On December 21, 2012, Movant received another bar complaint which resulted in a formal Charge on April 4, 2013. Once again Movant was charged with violating the following rules: SCR 3.130–1.3 (failure to diligently represent his client); SCR 3.130–1.4(a)(4) (failure to promptly reply to requests for information); and SCR 3.130–1.16(d) (failure to promptly return an unearned fee).

This Court does not have a copy of this particular bar complaint. We are aware, however, that the bar complaint was filed by Jeannie Leitz, a woman who retained Movant to initiate a divorce proceeding sometime between 2011 and 2012. Movant allegedly failed to file Ms. Leitz's divorce petition and return her many phone calls. As evident from the Charge, Movant also neglected to return Ms. Leitz's retainer fee.

### Show Cause Order

In December of 2013, the KBA, through the OBC, petitioned this Court to require Movant to show cause, if any, why he should not be suspended from the practice of law for thirty days due to his additional disciplinary Charges. On April 17, 2014, we granted the KBA's petition and issued a Show Cause Order. Thereafter, Movant

retained the assistance of Brian Schuette, a Kentucky attorney who shares an office and support staff with Movant. At some point before the thirty-day show cause deadline, Mr. Schuette, on behalf of Movant, filed a response to the Show Cause Order. At the time, however, Mr. Schuette was not noted as counsel of record. Thusly, this Court rejected Movant's response to our Show Cause Order. On June 2, 2014, Movant moved the Court for leave in order to add Mr. Schuette as counsel of record and for an enlargement of time within which to file a response to our Show Cause Order. We granted the motion and on June 12, 2014, Movant filled an eleven-page response to the Show Cause Order. The OBC has not filed a reply.

In his response, Movant admits to violating the terms of this Court's Order, but pleads with the Court not to impose the thirty-day suspension. In support of his position, Movant reveals that the conduct from which the bar complaints arose was directly caused by his calamitous situation both professionally and financially. In doing so, Movant attempts to justify his actions by illustrating the extreme distress he endured from 2010 through 2013. Movant also describes the numerous changes he has since implemented in his daily practice and the precautions he has taken to ensure that his past misconduct does not occur again.

### Movant's Prior Situation

In determining whether to suspend Movant for incurring the additional disciplinary Charges, he requests that the Court take into account the many stresses he encountered during the relevant time period. The situation Movant illustrates is one of a lawyer who became overwhelmed with the day-to-day management of his law practice. The most significant event, and what appears to be the catalyst to Mov-

ant's poorly made professional decisions, occurred when his secretary of ten years, who also acted as an office manager and paralegal, unexpectedly quit in early 2010. It appears from Movant's pleadings that his entire office staff consisted of this single, all-encompassing secretary, thereby rendering her departure all the more debilitating. Movant's normal responsibilities as an attorney suffered as he attempted to fulfill the managerial and secretarial role in his practice.

In an attempt to rectify the situation, Movant hired replacements, both of whom required extensive training. Yet, both employees quit within a short period of time or were inept for the job. It was not until the fall of 2011 that Movant finally secured a reliable secretary/office manager. Even then, Movant's newly-hired employee did not satisfy his expectations. As Movant explained, "I was having a great deal of difficulty staying on top of things and many of the things drafted by my secretary were not at all formatted how I preferred ... and I was also finding many errors. [As a result] a back log accrued of documents drafted and not filed...."

Moreover, Movant's ability to manage his practice was greatly inhibited by the stresses surrounding his dire financial situation. In 2007, Movant, along with another local attorney, purchased an office building in Bowling Green, Kentucky, both owning equal ownership in the property. In 2009, the local attorney "withdrew from the partnership" which Movant claims left him "responsible for 100% of the financial obligations relating to the building." Consequently, Movant attempted to sell the property, but it ultimately sat on the market until December of 2011. Movant claims that he suffered massive stress as a result of his financial situation. To make matters worse, Movant continued to accept clients that could not adequately compen-

sate him for his services. In addition, despite his previous praise of his former secretary's extensive experience, Movant contends that upon her resignation, he discovered numerous unpaid bills in her desk drawer, including a significant tax bill.

### Improvements to Movant's Law Practice

Movant has provided this Court with detailed changes he has since made in order to prevent further misconduct from occurring in the future. More specifically, Movant claims that he has reduced his financial burdens and obtained a less stressful work environment. In March of 2014, Movant relocated his practice to Mr. Schuette's office. Movant claims that he is not obligated to pay rent, and is free to utilize Mr. Schuette's office manager and bookkeeper. Moreover, Movant maintains that he no longer accepts cases which require significant work for little or no financial gain. He also devotes up to one-third of his practice to mediating cases, which he believes is less demanding than litigating.

Movant also describes the improvements he has implemented in his daily practice, including his new-found use of technology. For example, Movant now uses email to correspond with individuals and has set up an auto-attendant voicemail system. Mr. Schuette also explains that he has become a mentor to Movant. He aids Movant through the use of periodic reviews of his cases to ensure that he "stay[s] on top of his cases." Lastly, Movant states that he has sought and participated in counseling to aid in his stress related issues.

### Violation of Court's Previous Order

This Court sympathizes with Movant and applauds him for taking steps to improve his law practice and financial situation. Yet, the fact remains that he violated the terms of this Court's Order. Instead of seeking the help of others and being candid about his situation, Movant basically ignored it. There is simply no excuse for failing to return a client's phone call or file a simple pleading. Moreover, what this Court finds baffling is that despite his office's state of disarray, Movant still managed to take not one, but two separate leaves of absence in the Fall of 2010. One leave of absence was for "a mission trip" and the other was for his "family's fall break".

Furthermore, despite Movant's many excuses, we must point out that Mr. Carson and Ms. Leitz's bar complaints were filed in November and December of 2012, respectively. This is more than one year after the departure of his "experienced" secretary and the sale of his debt-producing building. Consequently, we cannot conclude that Movant was under such incredible stress and overload in mid to late 2012 so as to excuse his unethical behavior. Movant had ample time to remedy his office situation.

We have previously imposed a suspension upon an attorney for incurring additional disciplinary actions in violation of this Court's prior disciplinary order. *See Myles v. Kentucky Bar Ass'n*, 366 S.W.3d 919, 920 (Ky.2012) (After attorney received an additional disciplinary action two years into his five-year probationary period, this Court found that attorney violated the terms of his probation and suspended him for 181 days.). We find no good cause to exempt Movant for similar infractions. Furthermore, this Court has ruled that a thirty-day suspension was appropriate discipline for similar misconduct committed against only one client. *Kentucky Bar Ass'n v. Bock*, 245 S.W.3d 206, 207 (Ky. 2008) (ruling that a thirty-day suspension was appropriate discipline for attorney's failure to communicate with her client, file her client's divorce petition, refund unearned fees, and not respond to the complaint filed against her). Thusly, we conclude that Movant violated the terms of

this Court's Order and he has failed to show good cause why we should not suspend him from the practice of law for thirty (30) days.

ACCORDINGLY, IT IS ORDERED THAT:

1. Movant, Charles David Keen, KBA Member No. 84885 is found guilty of violating this Court's November 21, 2012, order of discipline in *Keen v. Kentucky Bar Ass'n,* 386 S.W.3d 737 (Ky.2012).

2. Movant is hereby suspended from the practice of law in this Commonwealth for a period of thirty (30) days, effective ten (10) days from the entry of this Order.

All sitting. All concur.

ENTERED: September 18, 2014.

/S/ John D. Minton, Jr.