TO BE PUBLISHED

# Supreme Court of Kentucky

2014-SC-000410-KB

CHARLES DAVID KEEN                                                          MOVANT
KBA Member No. 84885


V.                               IN SUPREME COURT


KENTUCKY BAR ASSOCIATION                                              RESPONDENT


## OPINION AND ORDER

Charles David Keen[1] (Keen) moves this Court for a public reprimand for his admitted violations of SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.16(d), SCR 3.130-3.2 in one Charge; and SCR 3.130-1.3, SCR 3.130-1.4(a)(4), and SCR 3.130-1.16(d) in another Charge. The Kentucky Bar Association (KBA) states no objection to the proposed discipline, which was negotiated pursuant to SCR 3.480(2). Finding a public reprimand to be the appropriate discipline for his misconduct, we grant Keen's motion.

## I. BACKGROUND.

The Inquiry Commission charged Keen with violating the aforementioned Supreme Court Rules stemming from two client interactions. Prior to these Charges, we publicly reprimanded Keen in *Keen v. Kentucky Bar Association,* 386 S.W.3d 737 (Ky. 2012) for depositing client funds into his operating

---

[1] Keen's KBA number is 84885 and his bar address is 719A Dishman Lane, Bowling Green, Kentucky 42104. He was admitted to the practice of law in the Commonwealth of Kentucky on October 22, 1993.

account, for failing to respond to his client's requests for information, and for causing his client to pay more child support due to his failure to promptly handle the client's legal matter. In his prior discipline, Keen was ordered by this Court to not receive any Charges for one year. If he failed to comply with that condition, a thirty day suspension would be imposed. During that one-year period Keen received the two Charges which are the subject of this matter. We determined that Keen violated the terms of that 2012 order and imposed a thirty-day suspension on September 18, 2014.

His two most recent Charges stem from the following sets of facts:

## A. KBA Charge 21432.

On October 17, 2011, Bryan Carson contacted Keen to pursue a divorce. On October 20, 2011, Carson retained Keen to represent him and paid Keen $3,000. Carson's wife filed for divorce the same day with service being made on Carson on October 24, 2011. Carson spoke to Keen on October 24, 2011 and provided a copy of the divorce petition to Keen. Carson was required to respond within twenty days after the service of the summons. Carson emailed Keen on November 15, 2011 to check the status of the pleadings. Carson again emailed Keen on November 29, 2011 advising Keen that he should figure out why no Answer had been filed. Keen's response email simply stated, "Sure." Keen never filed a response on Carson's behalf.

On January 6, 2012, Carson called Keen. Keen indicated he needed to review Carson's file and would call him on Monday. Keen never called Carson. On January 19, 2012, Carson sent Keen a termination letter asking Keen to

return Carson's entire client file and reimburse the $3,000 retainer fee within ten days from receipt of Carson's letter.

At approximately the same time, Carson filed a Bar Complaint against Keen. On August 2, 2013, the KBA's charge followed. Upon receipt of the Charge, Keen returned the $3,000 retainer to Carson.

## B. KBA Charge 21475.

On June 26, 2012, Keen met with Jeannie Leitz. Leitz sought a divorce and paid Keen $1,000 to file an uncontested divorce on her behalf. The $1,000 was to include the Circuit Clerk's filing fee. Leitz completed and returned to Keen his divorce client checklist that Keen used to obtain all the necessary information to prepare the initial pleadings. Thereafter, Leitz had difficulty communicating with Keen regarding her divorce. When she did receive documents from Keen, Leitz noted multiple errors that had to be corrected. Eventually, Keen stopped communicating with Leitz, and she sought new counsel to file her Petition for Dissolution of Marriage. Leitz filed a Bar Complaint against Keen which the KBA used to formally charge Keen on August 14, 2013. Keen refunded Leitz's $177.00 filing fee after the Charge was issued against him.

## C. Keen and the KBA's Suggested Sanctions.

Keen now moves this Court to impose a Public Reprimand based upon the above referenced matters. The KBA has no objection to the imposition of the aforementioned discipline upon the condition that Keen not receive any new charges of unethical conduct from the Inquiry Commission for two (2)

years from the date of this Court's Order. If Keen fails to comply with the terms of discipline, the Public Reprimand will become a sixty-one (61) day suspension from the practice of law upon application of the Office of Bar Counsel to the Court.

## II. ANALYSIS.

The KBA's Office of Bar Counsel cites a single case in support of its negotiated sanctions, *Kentucky Bar Association v. Quesinberry*, 203 S.W.3d 137 (Ky. 2006). In *Quesinberry*, an attorney violated SCR 3.130-1.3 for a lack of diligence; SCR 3.130-1.4 for failing to communicate with her client; and SCR 3.130-3.4(c) for disobeying obligations to a tribunal. Quesinberry also had a history of prior discipline and received a thirty-day suspension probated over one year with a condition of probation being remedial ethics education. Keen's prior actions and charged conduct are both similar to those in *Quesinberry*. Furthermore, as the KBA notes, Keen is receiving a longer probationary period and a potentially longer suspension under these proposed disciplinary actions. Having reviewed the record, the Supreme Court Rules, and relevant case law, we grant Keen's motion, with conditions.

## III. CONCLUSION.

Because Keen's conduct is similar to the attorney's conduct in the aforementioned case, we grant Keen's motion.

ACCORDINGLY, IT IS ORDERED THAT:

1.  Charles David Keen, KBA Member No. 84885, is found guilty of violating SCR 3.130-1.3, SCR 3.130-1.4(a)(3), SCR 3.130-1.4(a)(4), SCR 3.130-

4

1.16(d), SCR 3.130-3.2, and SCR 3.130-1.16(d) of the Kentucky Rules of Professional Conduct;

2.  Keen is publicly reprimanded for his actions;

3.  Keen shall comply with the terms of discipline set forth herein; if he receives any further disciplinary charges within two (2) years beginning ten (10) days after the entry of this Order, the Office of Bar Counsel may move the Court to convert the public reprimand to a sixty-one (61) day suspension.

4.  Keen shall timely pay his KBA membership dues;

5.  Keen shall timely satisfy all continuing legal education requirements; and

6.  In accordance with SCR 3.450, Keen is directed to pay the costs of this action in the amount of $119.54, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: October 23, 2014.

_____
CHIEF JUSTICE