TO BE PUBLISHED

# Supreme Court of Kentucky

2022-SC-0528-KB

F. DENNIS ALERDING                                                    MOVANT

IN SUPREME COURT
V.

KENTUCKY BAR ASSOCIATION                              RESPONDENT

## OPINION AND ORDER

Pursuant to SCR[1] 3.480(2), F. Dennis Alerding moves this Court to enter an order resolving the pending disciplinary proceeding against him by imposing a public reprimand. Alerding's motion is the result of his negotiated agreement with the Kentucky Bar Association ("KBA"). The KBA has no objection to Alerding's request. Finding the consensual disciplinary sanction to be appropriate under the facts of this case, we grant Alerding's motion.

Alerding was admitted to practice law in the Commonwealth on April 1, 1971, and his KBA member number is 00625. His bar roster address is P.O. Box 42, Covington, Kentucky 41012-0042. The disciplinary proceeding at issue arises out of Alerding's admitted violation of the Rules of Professional Conduct as charged in KBA File 20-DIS-0229.

---

[1] Rules of the Supreme Court.

In August 2019, Larry S. Herald II hired Alerding to represent him in connection to a murder indictment. Herald paid Alerding $9,800 of a quoted $10,000 fee. Alerding did not have a written fee agreement with Herald, and without authorization to do so, Alerding deposited the funds directly into his operating account. Further, Alerding did not maintain contemporaneous time records to verify he had earned the funds paid. He subsequently was able to provide a reconstructed accounting showing he had, in fact, earned the entirety of the fee.

The Inquiry Commission filed a single-count Charge on October 25, 2021, alleging Alerding's failure to deposit the fee into a client trust account violated the provisions of SCR 3.130(1.15)(e) which states: "[e]xcept for advance fees as provided in 1.5(f), a lawyer shall deposit into a client trust account legal fees and expenses that have been paid in advance, to be withdrawn by the lawyer only as fees are earned or expenses incurred."

Alerding admits he engaged in the conduct alleged in the Charge. He further admits his conduct violated SCR 3.130 (1.15)(e). He requests the Court enter an Order finding him guilty of that violation. He requests a public reprimand as an appropriate sanction. The KBA filed a response to Alerding's motion stating it had no objection.

Our Rules permit the KBA and a member of the bar to agree to a negotiated sanction.

> Any member who is under investigation pursuant to SCR 3.160(2) or who has a complaint or charge pending in this jurisdiction, and who desires to terminate such investigation or disciplinary proceedings at any stage of it may request Bar Counsel to consider

a negotiated sanction. If the member and Bar Counsel agree upon the specifics of the facts, the rules violated, and the appropriate sanction, the member shall file a motion with the Court which states such agreement, and serve a copy upon Bar Counsel, who shall, within 10 days of the Clerk's notice that the motion has been docketed, respond to its merits and confirm its agreement. . . . The Court may approve the sanction agreed to by the parties, or may remand the case for hearing or other proceedings specified in the order of remand.

SCR 3.480(2).

The KBA consents to the public reprimand and cites to four KBA cases to support the negotiated sanction. In *Stanziano-Sparks v. Kentucky Bar Ass'n.*, 552 S.W.3d 507 (Ky. 2018), Stanziano-Sparks was paid a fee of $2,500 for a custody matter and deposited the funds directly into her operating account. After failing to communicate with her client and failing to file a notice of appeal, the client obtained a small claims judgment against Stanziano-Sparks for $2,500 plus the $81 filing fee. Stanziano-Sparks was charged with violating SCR 3.130(1.15)(a) for failing to deposit the unearned fee into an escrow account, and for violating SCR 3.130(1.3), (1.4)(a), and (1.16)(d). By order of this Court, she received a public reprimand with conditions.

In *Snyder v. Kentucky Bar Ass'n.*, 437 S.W.3d 141 (Ky. 2014), Snyder collected almost $18,000 in fees from a bankruptcy client. None of the fees were deposited into a trust account and Snyder admitted to not having maintained a client trust account for the previous five years. During that period, all client funds were deposited into either a personal or operating account. Snyder received a public reprimand for violations of SCR 3.130(1.15)(a) and (e), and (3.4)(c).

Likewise, in *Keen v. Kentucky Bar Ass'n.*, 386 S.W.3d 737 (Ky. 2012), and *Kentucky Bar Assn. v. Bubenzer*, 145 S.W.3d 842 (Ky. 2004), the respective attorneys inappropriately deposited advance fees directly into their operating accounts along with other ethical violations. Each received a public reprimand by order of this Court.

The KBA cites these cases to demonstrate that a public reprimand is an appropriate sanction. After reviewing the facts and relevant case law, we agree with Alerding and the KBA that a public reprimand with direction to pay costs is appropriate in this matter. Alerding has shown he earned the fee he was paid, so an order of restitution is unnecessary.

For the foregoing reasons, it is hereby ORDERED:

1. F. Dennis Alerding is publicly reprimanded for the above-described and admitted violation of SCR 3.130(1.15)(e).

2. In accordance with SCR 3.450, Alerding is directed to pay the costs of this action in the amount of $41.91, for which execution may issue from this Court upon finality of this Opinion and Order.

All sitting. All concur.

ENTERED: March 23, 2023.

_____
CHIEF JUSTICE

4